**In re BON TON RESTAURANT AND PASTRY SHOP, INC., Debtor.**

**Bankruptcy No. 85 B 1755.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

Sept. 12, 1985.

Robert R. Benjamin & Associates, Ltd., Chicago, Ill., for debtor.

Cory Lipoff, Nachman, Munitz & Sweig, Ltd., Joel Greenblatt, Foss, Schuman, Drake & Barnard, Chicago, Ill., for movant/landlord.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter was heard upon the motion of the debtor in possession, Bon Ton Restaurant and Pastry Shop, Inc. ("Bon Ton" or "debtor"), for authority to assume an unexpired lease of nonresidential real property under section 365(a) of the Bankruptcy Code. In opposition, the successor-lessor, Bernard A. Heerey ("Heerey" or "lessor") contends that a number of defaults exist under the lease which must be cured as a condition to assumption as provided by section 365(b)(1) of the Code. Presently before the court is the lessor's alternative contention that Bon Ton is obligated to surrender the subject premises because the lease has been terminated by operation of law pursuant to 11 U.S.C. § 365(d)(4). For the reasons set forth below, the court concludes that the lease herein has not been deemed rejected under the provisions of section 365(d)(4).

## BACKGROUND

On February 8, 1985, Bon Ton filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and has continued to operate its business and manage its property as a debtor in possession. The lease in question was executed on April 6, 1981 for rental of the premises at 1151–53 North State Street, Chicago, Illinois, including storage space in the basement. The entire building in which Bon Ton operates its restaurant and pastry shop consists of four commercial units and twenty-four rental units. Heerey is the successor-lessor of the premises, the lease term for which expires April 30, 1988.

On March 29, 1985, and within 60 days of the commencement of this case, Bon Ton filed its motion under section 365(a)[1] to assume the unexpired lease, and a hearing thereon was held April 4, 1985. On that date, Heerey requested time to respond to Bon Ton's motion and was given until May 15, 1985. Bon Ton then requested that its motion to assume be heard within the next sixty days, or before June 8, 1985. The court thereafter directed the parties to comply with a pretrial order by June 5th, set a status hearing for June 6th, and set the hearing on assumption for June 7, 1985.

At the conclusion of the June 7th hearing, the court determined that certain threshold legal questions[2] surrounding the assumption of the lease should be decided on briefs, thereby avoiding the necessity for an evidentiary hearing since the only remaining issues, would likely involve the net amount due the lessor at the time of assumption and the debtor's ability to perform. Both sides agreed upon a briefing schedule[3] proposed by the court.

Rather than filing a responsive brief, the lessor on July 2, 1985 filed a motion to compel Bon Ton to vacate and surrender the premises, contending that on April 4, 1985, Bon Ton had requested and obtained a sixty-day extension of time within which to assume the unexpired lease but no order to that effect was entered by the court before June 8, 1985. Therefore, according to the lessor, the lease was deemed rejected pursuant to section 365(d)(4) of the Code. Bon Ton replies that on April 4,

---

1. 11 U.S.C. § 365(a) provides in relevant part: ... [T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor. Section 1107(a) of the Code basically gives the debtor in possession all the rights and powers of a Chapter 11 trustee. Therefore, references in § 365 as to what the trustee may do apply equally to a debtor in possession.

2. The Court took the following issues under advisement with respect to assumption of the lease: (a) whether the debtor must cure nonmonetary defaults as a condition precedent to assumption of the lease; (b) whether the costs of rodding the common sewer line are the responsibility of the lessor or Bon Ton under the terms of the lease; (c) whether the lessor's attorneys' fees and costs constitute a pecuniary loss to be borne by the debtor in assuming the lease; and (d) whether the lessor's increased insurance premiums pass through to the debtor under the terms of the lease.

3. Simultaneous responsive memoranda of law were due June 28th and reply briefs 10 days thereafter.

1985, the court extended the time for assumption without setting a final date by which the lease must be assumed. It is Bon Ton's contention that the time within which the lease must be assumed had not yet expired and in fact could not expire until this court set a final date for Bon Ton to assume the lease.

## DISCUSSION

Section 365(d)(4) of the Bankruptcy Code governs the time within which a lease of nonresidential real property must be assumed and provides in relevant part:

> ... [I]n a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4) (West 1984). Section 365(d)(4) was added to the Code by the Bankruptcy Amendments and Federal Judgeship Act of 1984, thereby changing the Code's treatment of unexpired commercial real estate leases. Prior to the Amendments, the trustee in a Chapter 11 case could assume an unexpired lease of nonresidential real property at any time before confirmation of a plan if not assumed within sixty days after the order for relief. Such leases are now deemed rejected under section 365(d)(4) if not assumed within sixty days after the order for relief unless the court, for cause, grants additional time during that sixty-day period. The amount of additional time to be given, if any, has been left to the discretion of the court and the Code does not limit the court in granting a substantial extension of time so long as it is granted within the initial sixty-day period. 2 Collier on Bankruptcy ¶ 365.03[1] (15th ed. 1985).

Section 365(d)(4) is to be read in conjunction with section 365(a) and section 365(b)(1) with regard to the act of assumption. Section 365(a) provides the authority to assume an unexpired lease. However, this right to assume is not unfettered. Where there has been a default under the lease, section 365(b)(1) conditions the trustee's power of assumption on first curing the default, compensating the other party for damages resulting therefrom, and providing adequate assurance of future performance under the lease. Section 365(a) further requires that the assumption have court approval in the form of an express order. *E.g., Matter of Whitcomb & Kelly Mortg. Co., Inc.,* 715 F.2d 375, 380 (7th Cir.1983).

Court approval is generally granted as a matter of course if there are no monetary defaults, *Matter of Goldblatt Bros., Inc.,* 766 F.2d 1136 (7th Cir.1985), if assumption of the unexpired lease or executory contract appears to be in the best interests of the estate, *In re Lionel Corp.,* 29 B.R. 694, 696 (Bankr.S.D.N.Y.1983), and if the debtor is able to perform under the lease. *In re Coast Trading Co., Inc.,* 26 B.R. 737, 741 (Bankr.D.Ore.1982). Once the lease is assumed, the lessor is getting the benefit of his bargain and thereafter generally has no standing to object to assumption by the trustee.

The lessor relies on *In re By-Rite Distributing, Inc.,* 47 B.R. 660 (Bankr.Utah 1985), which views assumption of an unexpired lease of nonresidential real property as contemplated by section 365(d)(4) to consist of three elements:

> (1) a conscious and deliberate decision on the part of the debtor in possession or trustee to assume, whether that decision is manifested by words, conduct, or a paper filed with the court; (2) the ability, as determined by the Court after notice and a hearing, to satisfy the cure, compensate, and adequate assurance requirements of Section 365(b)(1)(A), (B), and (C); and (3) a manifestation of judicial approval by the bankruptcy court.

*Id.* at 669. The court in that case, confronted with a debtor in possession's motion to assume nonresidential real property leases filed on the sixtieth day after the

order for relief, held that court approval of assumption may not fall outside the sixty day period provided by the Code. In addition, unless a motion for an extension of time to assume or reject is heard and granted within the initial sixty-day period, automatic rejection of the unexpired lease will occur.

Heerey claims that the decision in *By-Rite* and its interpretation of section 365(d)(4) support his argument that the lease herein has been rejected by operation of law. Heerey states that prior to the April 4th hearing, Bon Ton and Heerey had reached an oral agreement that Bon Ton would ask for a sixty-day extension of time to assume the lease. However, because court approval was not granted before this alleged sixty-day extension expired, and because Bon Ton could have taken the necessary steps to assume the lease within that time, the lessor argues it can now invoke section 365(d)(4) to deem the lease rejected.

### Court Approval and The Act of Assumption

█ In the context of section 365(d)(1),[4] there is no requirement that court approval occur within the sixty-day limitation imposed so long as the trustee has "acted" within that time period. *See In re Price Chopper Supermarkets, Inc.*, 19 B.R. 462 (Bankr.S.D.Ca.1982); *In re Avery Arnold Constr. Inc.*, 11 B.R. 34 (Bankr.S.D.Fla. 1981). The policy behind section 365 is to prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate. H.R.Rep. No. 95–595, 95th Cong., 2nd Sess. 348, (1977) *reprinted in* U.S. Code Cong. & Admin.News 5963, 6304

(1978); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 59 (1978) *reprinted in* U.S.Code Cong. & Admin.News 5787, 5845 (1978).

The legislative history to section 365(d)(4) in particular indicates that the trustee must elect to assume within the sixty-day period:

> ... Although in a chapter 7 case the bankruptcy code presently requires that the trustee *decide* whether to assume or reject an unexpired lease within 60 days after the bankruptcy petition is filed, there is no deadline for this *decision* in a chapter 11 case.
>
> .   .    .    .    .
>
> The bill would lessen the problems caused by extended vacancies and partial operation of tenant space by requiring that the trustee *decide* whether to assume or reject the nonresidential real property lease within 60 days after the order for relief in a case under any chapter.

130 Cong.Rec. S8894–95 (remarks of Senator Hatch) *reprinted in* U.S.Code Cong. & Admin.News 599 (1984) (emphasis added). However, no time constraints exist under section 365(d)(4) or section 365(a) for the entry of court approval sanctioning a trustee's decision to assume or reject an unexpired lease. Moreover, to hold that a trustee who has acted to assume within the sixty-day period is nevertheless deemed to have rejected an unexpired lease merely because no express order approving the assumption was entered prior to the expiration of the sixty-day period, or any extension thereof, would lead to an anomalous result. Section 365(d)(4) may not be used by a lessor in such a situation to recapture a lease and obtain a windfall to which he may not be equitably entitled.[5] *See*

---

**4.** Section 365(d)(1) provides:

In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

The same language with respect to the sixty-day time limitation appears in section 365(d)(4). Therefore, case law interpreting section

365(d)(1) is applicable in defining the contours of section 365(d)(4).

**5.** Assumption of a valuable lease is as much in the interest of creditors as it is in the interest of the debtor. The court notes that a "deemed rejection" may be the product of collusion, or the debtor in possession's malfeasance, negligence, or mistake which may improperly penalize creditors for the debtor's failure to act. *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441, 447 n. 9 (Bankr.M.D.Tenn.1983). It would appear,

*Queens Boulevard Wine & Liquor Corp. v. Blum,* 503 F.2d 202, 206–207 (2d Cir. 1974).

Bon Ton had taken the requisite steps to assume its unexpired lease of nonresidential real property under section 365(a) and section 365(d)(4). By filing its motion within 60 days of the commencement of its case and presenting it for court approval within that time,[6] Bon Ton manifested an unconditional and unambiguous decision to assume. Further, Bon Ton affirmatively stated that rental payments were current and that all additional obligations under the lease, where required, had been satisfied. Because it did not believe it was in default under the lease, Bon Ton was not required to incorporate provisions in satisfaction of section 365(b)(1) as part of its election to assume. Had Heerey in fact filed his objections to assumption before the hearing on April 4th, perhaps the debtor could have complied with section 365(b)(1) and secured court approval on that date. At the further hearing on June 7th, the court again delayed its approval because the parties could reach no agreement as to whether or not defaults existed under the lease to be cured at the time of assumption.[7] On both occasions, Bon Ton stood ready, willing, and able to cure any defaults, to compensate the lessor for any pecuniary loss, and to provide adequate assurance of future performance under the lease. Based on the evidence before the court, there was no reason not to approve assumption on either date. Rather, the court delayed entry of its order of approval for the benefit of the lessor to insure that he would get the full benefit of his bargain under the lease, a right which sectin 365(b)(1) was designed to protect. *Aetna Cas. & Sur. Co. v. Gamel,* 45 B.R. 345, 348 (N.D.N.Y.1984); *Matter of National Shoes, Inc.,* 20 B.R. 55, 59 (Bankr.S.D.N.Y.1982).

### Extension of Time to Assume Lease

■ Notwithstanding the foregoing discussion, the court notes that although Bon Ton requested at the April 4th hearing to be heard before June 8th, this court did not expressly fix June 8th as the additional date under section 365(d)(4) by which Bon Ton was required to assume the unexpired lease in issue. Rather, by setting the matter down for further hearing on June 7, 1985, the court on April 4, 1985 necessarily and impliedly extended the time to assume for such additional period as necessary for resolution of the disputed factual and legal issues, i.e., whether there were, in fact, defaults under the lease to be cured pursuant to assumption by Bon Ton.

Further, Bon Ton had complied with section 365(a) insofar as possible on April 4th and therefore had no real duty under section 365(d)(4) to request an extension of time to assume. The court observes that the policy underlying section 365(d)(4) dictates that the trustee make a decision with respect to the leased premises within the

---

therefore, that the circumstances surrounding a "deemed rejection" that is contested by a party in interest be taken into account by the court.

**6.** Section 365(a) does not specify any particular manner in which an unexpired lease is assumed. However, Bankruptcy Rule 6006(a) provides that a proceeding to assume an unexpired lease is governed by Rule 9014 which in turn states that relief shall be requested by motion with reasonable notice and opportunity for hearing afforded the party against whom the relief is sought. Bankruptcy Rule 6006(c) further provides:

When a motion is made pursuant to subdivision (a) or (b) of this rule, the court shall set a hearing on notice to the other party to the contract and to the other parties in interest as the court may direct.

**7.** The lessor alleged numerous defaults under a multitude of lease provisions drafted by the lessor which, under Illinois law, should be construed most strongly against the lessor and in favor of the lessee. *J.B. Stein & Co. v. Sandberg,* 95 Ill.App.3d 19, 22, 50 Ill.Dec. 544, 547, 419 N.E.2d 652, 655 (1981). This court has already been called on to interpret lease provisions to determine whether the installation of a new sprinkler system over the cooking facilities was the responsibility of the lessor or Bon Ton. There the court ruled that the debtor's refusal to replace its present sprinkler system was not a default under the lease. *In re Bon Ton Restaurant and Pastry Shop, Inc.,* No. 85 B 1755, Memorandum and Order, (Bankr.N.D.Ill. July 18, 1985).

time constraints imposed and to comply with section 365(b)(1) in the event a default exists at the time of assumption. The provision for an extension of time under § 365(d)(4) is for the benefit of a trustee who cannot make a determination within the initial sixty-day period after the order for relief as to whether it is in the best interest of the estate to assume the lease, and as to whether defaults will be curable in the event of assumption. Because Bon Ton did not delay its election, Heerey was not faced with uncertainty or potential loss and at the same time was continuing to receive monthly rental payments. None of the problems which section 365(d)(4) was designed to alleviate were present.

It does not appear that Congress intended assumption under section 365(d)(4) to consist of compliance with the three prerequisites suggested by the court in *In re By-Rite Distributing, Inc., supra,* 47 B.R. at 669, within the time limitations imposed. Even if Congress did so intend, this court, for cause and within the initial sixty-day period after the date of filing, extended the time for Bon Ton to assume the lease for an indefinite period of time.

### *Waiver by Lessor*

■ In addition, the court finds compelling reason under the facts and circumstances of this case to support its holding that the sixty-day limit was in fact extended by the court or otherwise waived by the conduct of the lessor in this case. *See In re Ro-An Food Enterprises, Ltd.,* 41 B.R. 416 (D.C.E.D.N.Y.1984). Even had the court fixed June 8th, as the lessor contends, as the final date by which Bon Ton must assume the lease, Heerey's actions at the hearing on June 7, 1985 operated as a waiver of any right to consider the lease rejected pursuant to section 365(d)(4). *See, e.g., Ten-Six Olive v. Curby,* 208 F.2d 117 (8th Cir.1953). Believing June 8th to be the last date for Bon Ton to assume the lease, both parties nevertheless agreed to have the court decide the construction of the lease for purposes of section 365(b)(1) on submitted briefs. It was not until July 2, 1985 that the lessor appeared on the instant motion as an alternative stance to its motion for leave to extend the time to file its memorandum, originally due June 28th. By consenting to delay court approval until the issues could be set forth in the parties' memoranda of law, the lessor waived any objection it might have to the absence of court approval by June 8th. Heerey's long acquiescence in the set timetable and procedure and Bon Ton's reliance on that acquiescence preclude Heerey's invocation of section 365(d)(4) to deem the lease rejected.

### CONCLUSION

For the reasons stated above, the court holds that the time for Bon Ton to assume its unexpired lease of nonresidential real property was extended by the court on April 4, 1985. The court was not bound by any oral agreement between the parties and its intention, further manifested by its setting of a briefing schedule on June 7, 1985 to which all parties agreed, was to grant an open-ended extension pending resolution of the factual and legal questions concerning debtor's ability to satisfy the requirements of section 365(b)(1). Although the present facts warrant a finding that the time within which to assume the lease was impliedly extended, the court cautions debtors in possession that a motion requesting an extension of time to assume or reject filed within the initial sixty-day period after the order for relief is by far the preferred procedure.

In the present case, the debtor in possession elected to assume the lease within the requisite time period. The court had commenced within that time frame a hearing on the debtor's motion to assume and continued that hearing, thereby extending the time to assume. The lessor agreed at the further hearing to a briefing schedule. Therefore, the unexpired lease was not deemed rejected pursuant to section 365(d)(4) of the Bankruptcy Code.

SO ORDERED.