In re SONORA CONVALESCENT
HOSPITAL, INC., Debtor.

John W. WILSON and E. Genette
Wilson, Plaintiff,

v.

SONORA CONVALESCENT
HOSPITAL, INC.,
Defendant.

Bankruptcy No. 986–00613–11.
Motion No. M86–0235.

United States Bankruptcy Court,
E.D. California.

Aug. 21, 1986.

Carl W. Collins, Johnston & Collins, Modesto, Cal., for plaintiff.

Kent M. Faulkner, Krajewski, Faulkner, McGrew, Modesto, Cal., for defendant.

## MEMORANDUM OF DECISION ON PETITION FOR RECONSIDERATION AND REINSTATEMENT OF THE AUTOMATIC STAY

J.W. HEDRICK, Jr., Bankruptcy Judge.

A petition for reconsideration and reinstatement of the automatic stay is before the court at this time. For the reasons stated herein, we hold that, by operation of Section 365(d)(4) of the Bankruptcy Code, the lease in question has been deemed rejected. Accordingly, the petition is denied.

The relevant facts are as follows: [1]

On or about August 1, 1975, John and Genette Wilson (hereinafter the "Wilsons") and Sonora Convalescent Hospital, Inc. (hereinafter the "debtor") entered into an agreement for the rental of real and personal property located at 538 Ponderosa Drive, Sonora, California. The terms of the agreement [2], which was reduced to writing sometime in 1980, called for the lease of "the real property and improvements thereon consisting of a thirty-six (36) bed convalescent hospital (hereinafter referred to as the "Facility"), together with all of the furniture, furnishings, fixtures, equipment, linen, supplies and other items of personal property." [3] The amount of rent due and the effective date of the lease are the subject of a separate state court proceeding; the parties have stipulated to a monthly rental of $5,520, until this dispute is resolved.

The debtor failed to make rental payments for the months of February and March 1986 and the Wilsons instituted an action for unlawful detainer in state court. They took judgment by default on March 19, 1986. The state court ordered restoration of the premises and authorized a writ of possession in favor of the Wilsons and against the debtor.

A few hours after the entry of default judgment, on March 19, 1986, the debtor filed its petition under Chapter 11 of the Bankruptcy Code. The motion for relief from automatic stay was filed on April 1, 1986 and heard on May 30, 1986. At that time, the court granted the relief from stay. Debtor filed its petition for reconsideration on June 2, 1986.

During the hearing on the automatic stay, it was established that the debtor was in default of the lease in three respects: rent due and owing, payment of property taxes, and insurance requirements. Mr. Wilson testified that pre-petition arrearages of approximately $11,040 for the months of February and March 1986 were outstanding. At the time of the hearing, rent had been paid for April and May 1986. The lease called for debtor to pay the property taxes. Mr. Wilson testified that the debtor had failed to make the December 10, 1985 and April 10, 1986 payments; the Wilsons had to cover these payments, approximately $2,100, themselves. He further testified that, although the lease required the debtor to maintain an insurance policy with liability coverage of one million dollars, the policy currently in effect provided only $500,000 coverage. Joan Archer, president of the debtor hospital, testified that she simply renewed the policy each year. She stated that she didn't read the policy, had no knowledge of the liability coverage provided and assumed that it provided the coverage required under the lease. As the court interprets the lease agreement, the debtor had an affirmative duty to provide the specified amount of coverage. Self-induced ignorance of the policy terms does not excuse this affirmative duty and the court finds that the debtor did breach the lease by not providing the full coverage.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Rules of Bankruptcy Procedure.

2. Technically, the agreement between the parties constitutes a sub-lease, as the Wilsons themselves, lease the ground property from another party. However, for the sake of simplicity, this agreement will hereinafter be referred to as the "lease".

3. Lease Agreement, page 1, admitted into evidence at the May 30, 1986 hearing.

The Bankruptcy Code provides for relief from automatic stay as follows:

> On request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this Section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) *For cause* including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) With respect to a stay of an act against property, if—
>
> (A) the Debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (emphasis added).

The Wilsons based their relief from stay action on the lack of adequate protection. Additionally, they asserted there is cause for the relief from stay, in that under section 365(d)(4) the lease was deemed rejected.

The court will address the the lease rejection issue first. Section 365(d)(4) provides in pertinent part:

> (2) In a case under chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor at any time before the confirmation of a plan but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.
>
> . . . . .
>
> (4) Notwithstanding paragraphs (1) and (2), in a case under any chapter of this title, if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(2) and (4).

These two subsections allow for differing treatment of leases depending on if the lease is for personal or real property, and if for real property, whether it is residential or non-residential.

█ Although the lease agreement, by its own terms, called for the lease of both real and personal property, it is primarily a lease providing for the rental of real property. The bulk of the monthly rent has to be attributed to the grounds and the buildings located thereon; one assumes that if some furniture and linens had been removed from the agreement, the rent would not have been drastically reduced. On the other hand, if the buildings had burned to the ground, the lease would have been of little value to the debtor, even had the furniture, linens and other personal property been saved. Therefore, the court shall classify the lease as one for real property.

█ There remains the determination of residential versus non-residential. It is clear that the lease contemplated a commercial use of the property. Both the Wilsons and the debtor expected that the debtor would utilize the property to establish a convalescent home, which would take care of patients on a *paying* basis. This is a commercial use of the property, despite the fact that patients actually do reside on the property, and warrants a non-residential classification of the property. Accordingly, the court must apply section 365(d)(4) in determining if the lease has been rejected.

Section 365(d)(4), *supra*, requires the trustee (or the debtor in possession pursuant to 11 U.S.C. § 1107) to assume an unexpired lease of nonresidential real property within sixty days of the date of the order for relief or the lease is deemed rejected. The section does, however, allow the court, within this sixty days, to extend the time for assumption or rejection.

Traditionally, this time requirement has been interpreted by the courts to require the trustee to complete the assumption pro-

cess *and* obtain court approval of the assumption within the sixty days. *See In re Lovitt,* 757 F.2d 1035, 12 C.B.C. 2d 845 (9th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 145, 88 L.Ed.2d 120 (1985) (presumption that trustee must assume unexpired lease within sixty days or lease is deemed rejected is conclusive); *Local Joint Executive Board, etc. v. Hotel Circle,* 613 F.2d 210 (9th Cir.1980) (executory contract is not assumed merely by the trustee's knowing conformity to its terms); *Las Margaritas, Inc.,* 54 B.R. 98, 13 C.B.C. 2d 826 (Bankr. Nev.1985) (a debtor must seek formal court approval of its decision to assume an unexpired lease within the 60–day period or the lease is terminated irrevocably even if the debtor has continued to pay rent).

■ Similarly, any motion for extension of the 60 day period had to be filed *and* acted upon by the court within the 60 days in order for the extension to be valid. *In re Southwest Aircraft Services, Inc.,* 53 B.R. 805, 13 B.C.D. 814 (Bankr.C.D.Cal. 1985). *See also In re Taynton Freight System, Inc.,* 55 B.R. 668 (Bankr.M.D.Pa. 1985).

In its motion for reconsideration, debtor urged this court to examine and follow recent changes in the case law involving section 365(d)(4). Specifically, debtor urges the court to accept the reasoning adopted by the court in *In re By-Rite Distributing, Inc.,* 55 B.R. 740 (D.Utah 1985). The District Court, in reversing the Bankruptcy Court,[4] held that the trustee's act of filing a motion to assume within 60 days of filing of the petition was sufficient under section 365(d)(4); court approval within the 60 days was unnecessary. The court stated "the trustee assumes or rejects the lease within the meaning of section 365(d)(4) when he makes up his mind to do so and communicates his decision in an appropriate manner, such as by filing a motion to assume." *Id.* at 742. The result of *By-Rite* was adopted by the courts in *In re 1 Potato 2, Inc.,* 58 B.R. 752 (Bankr.D.Minn.1986) (Court approval is not condition precedent to effective assumption of lease, thus it is only ac-

tion of trustee or debtor in possession that must occur within 60 days of filing of petition) and *In re Bon Ton Rest. & Pastry Shop,* 52 B.R. 850, 13 B.C.D. 628 (Bankr.N. D.Ill.1985) (lease not deemed rejected when debtor filed motion for assumption within deadline).

■ The court takes notice of these cases insofar as they may be indicative of a trend toward a broader construction of section 365(d)(4). However, these cases are not binding on this court. We are bound by the Ninth Circuit, which has unequivocally stated that "the statutory presumption of rejection by the trustee's non-action within the sixty day period following his qualification is a conclusive presumption." *In re Lovitt,* 757 F.2d 1035, 12 C.B.C. at 852. *See also In re Treat Fitness Center, Inc.,* 60 B.R. 878 (9th Cir. BAP 1986) (intent to assume a lease cannot be manifested by conduct within the 60–day period of section 365(d)(4) and subsequently formalized by court order after the expiration of the 60–day period).

Moreover, the court feels that *By-Rite* and cases following its reasoning do not significantly advance the debtor's position. The *By-Rite* court stated that it "does not reach the question of what actions short of filing a motion to assume, if any, constitute an assumption of the lease, since *By-Rite* unequivocally expressed its decision to assume by filing a motion to assume." *In re By-Rite* at 742–43, fn. 5. Likewise, the debtors in both *In re 1 Potato 2, Inc.,* and *In re Bon Ton Rest. & Pastry Shop,* had filed motions to assume within the 60 days.

■ In the instant case, the debtor did not file a motion to assume within the 60 day time period. There is no evidence that the debtor even thought about or considered the assumption/rejection issue prior to the hearing on the relief from stay motion. This hearing occurred on May 30, 1986, clearly outside the 60 day time period, which lapsed on May 19, 1986. Therefore, the court finds that there was no

4. 47 B.R. 660 (Bankr.Utah 1985).

manifestation or communication of a decision to assume the lease within the 60 day time frame. Thus, even the application of *By-Rite* would fail to save the lease.

Finally, the court addresses the debtor's argument that it should adopt the equitable considerations utilized in *In the Matter of Curio Shoppes, Inc.*, 55 B.R. 148 (Bankr.D. Conn.1985). After reviewing the legislative history and the particular facts [5] of the case before it, the *Curio Shoppes* court concluded that "bankruptcy courts may resort to equity when literal enforcement of a directly applicable statute would frustrate the purposes of the reorganization, and relief to the debtor would not prejudice the landlord." *Id.* at 155.

The bankruptcy court's equitable powers emanate from section 105, which provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Careful reading of this section indicates that the court is only empowered to issue orders, etc. that are necessary *to carry out the provisions of this title.* The court is not empowered to so broadly interpret a code section as to nullify it.

■ If the court were to allow the debtor to assume the lease at this time, when there was no motion to assume filed, nor extension requested, or indeed, any indication whatsoever that the assumption issue was even considered during the 60 day period, would be to render section 365(d)(4) null and void. This, the court is not prepared to do. In this respect, we follow the reasoning advanced in *In re Southwest Aircraft, Inc., supra.* In that case, Judge Russell held that retroactive extension of the 60 day time limit would defeat rather than carry out the provisions of the Bankruptcy Code and therefore, the court had no equitable power to so extend the time limit.

For the reasons set forth herein, the court finds that the debtor did not meet the

requirements of section 365(d)(4). The court is reluctant to reach this conclusion, but feels it has no choice. The court is not unmindful of the harshness of the rule. This harshness is, however, what Congress appears to have intended. The section was intended to provide protection to landlords by forcing the trustee or debtor in possession to make a quick decision to either assume or reject. *See In re Southwest Aircraft, Inc.*, at 816, citing 98th Cong. 2nd Sess., 1984 U.S.Code Cong. & Admin.News 598–99.

The court is hopeful that the effect on the patients of the debtor can be mitigated. Testimony at trial indicated that Mrs. Wilson is licensed as an administrator and that she and her husband were in the process of applying for their hospital license, thus enabling them to care for the patients and alleviating the need to force the patients to move.

Having concluded that the lease was deemed rejected by operation of 365(d)(4), the court sees no need to address the secondary issue of adequate protection. The petition for reconsideration and reinstatement of the automatic stay is denied. Counsel for the Wilsons is directed to prepare an order to that effect.

---

5. Debtor's motion to assume was prepared, dated and mailed within the prescribed period; the motion was received by the court and file-marked after the 60 days had expired.