**In re BDM CORPORATION, Debtor.**

**Bankruptcy No. 86 B 9094.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 9, 1987.

---

**1.** This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to

Bankruptcy Rule 7052.

Anthony M. Vaccarello, Wischhover & Vaccarello, Palos Hills, Ill., for debtor.

Richard J. Berry, Myers, Daugherity, Berry & O'Connor, Ltd., Ottowa, Ill., for Brown Oil.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes to be heard on the motion of Brown Oil Company ("Brown"), lessor under a lease of non-residential real property, for immediate surrender of possession thereof by the debtor, BDM Corporation ("BDM"), pursuant to 11 U.S.C. § 365(d)(4). At issue is whether BDM effectively assumed the lease within sixty days after the filing of its Chapter 11 petition. For the reasons set forth below, the court, having carefully considered the pleadings and memoranda filed and the arguments of counsel, concludes that the lease herein has been deemed rejected under the provisions of section 365(d)(4).

## BACKGROUND

On June 11, 1986, BDM filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, and has continued to operate its business and manage its affairs as a debtor in possession. The lease in question was executed on May 1, 1983 between Brown, as lessor, and BDM, as lessee, for rental of the premises in Ottawa, Illinois from which BDM conducts its operations. At no time within 60 days of the commencement of this case did BDM file a motion under section 365(a)[1] to assume the unexpired lease nor did BDM file a motion within such 60–day period to extend the time within which to assume or reject the subject lease.

BDM contends, however, that on July 23, 1986 at the first meeting of creditors held pursuant to section 341(a), its president, Mr. William Croft, stated under oath that BDM intended to honor all existing leases and service contracts at the Ottawa plant, which would include the Brown lease. BDM further contends that this oral assumption was communicated to Brown's president, Mr. Thomas Hill, who was present at the meeting. Consequently, BDM argues that, by virtue of the foregoing statement of its president at the first meeting of creditors as well as by its continuing to make all current monthly rental payments since the Chapter 11 petition was

---

1. 11 U.S.C. § 365(a) provides in relevant part: ... [T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

Section 1107(a) of the Code basically gives the debtor in possession all the rights and powers of a Chapter 11 trustee. Therefore, references in § 365 as to what the trustee may do apply equally to a debtor in possession.

filed,[2] it has effectively assumed the Brown lease.

Brown, on the other hand, denies that Mr. Croft made the foregoing statement with respect to existing leases and argues that even if he did, such a statement falls short of affirmatively assuming the unexpired lease. On September 24, 1986, Brown moved for an order requiring BDM to immediately surrender possession of the leased premises and for entry of an order lifting the automatic stay in connection therewith since Brown contends that BDM did not assume the lease within 60 days after the Chapter 11 petition was filed as required by section 365(d)(4).

## DISCUSSION

Section 365(d)(4) of the Bankruptcy Code provides in relevant part:

> ... [I]n a case under any chapter of this title if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected, and the trustee shall immediately surrender such nonresidential real property to the lessor.

11 U.S.C. § 365(d)(4)(West 1986). As this court noted in *In re Bon Ton Restaurant and Pastry Shop, Inc.,* 52 B.R. 850, 852 (Bankr.N.D.Ill.1985), section 365(d)(4) must be considered in conjunction with sections 365(a) and 365(b)(1) with regard to the act of assumption. Section 365(a) provides the trustee with authority to assume an unexpired lease pursuant to court approval whereas section 365(b)(1) conditions the trustee's power of assumption on first curing any defaults, compensating the other party to the lease for damages resulting therefrom, and providing adequate assurance of future performance under the lease. *Id.*

■ The test for assumption or rejection under section 365 is whether the trustee

has indicated his decision by an unequivocal act. *In re Re-Trac Corporation,* 59 B.R. 251, 255 (Bankr.D.Minn.1986). In *Bon Ton, supra,* this court held that the subsequent court approval, while essential, need not occur within sixty days after the order for relief so long as the trustee "decides" within that time. *Accord In re By-Rite Distributing, Inc.,* 55 B.R. 740 (D.Utah 1985); *Matter of Condominium Administrative Services, Inc.,* 55 B.R. 792 (Bankr.M.D.Fla.1985). However, since the trustee in *Bon Ton* expressed its unambiguous and unconditional intention to assume its unexpired lease by filing a motion within 60 days, the court did not have to determine whether any action short of filing a motion to assume would suffice to unequivocally declare a trustee's intention to assume.

■ Although section 365(a) does not set forth the manner in which the trustee is required to seek court approval, Bankruptcy Rule 6006 states that a proceeding to assume or reject is governed by Bankruptcy Rule 9014. Bankruptcy Rule 9014, in turn, sets forth that the relief shall be requested *by motion* with reasonable notice and an opportunity for hearing afforded to the opposing party. Based on a reading of section 365 in its entirety, together with the language of Bankruptcy Rules 6006 and 9014, and the analysis of recent authority, this court concludes that the only method of declaring an intention to assume is by filing a formal motion to assume within 60 days of the order for relief and that failure to do so will result in the lease being deemed rejected by operation of law. As the 9th Circuit Bankruptcy Appellate Panel recently stated in *In re Treat Fitness Center,* 60 B.R. 878, 14 BCD 632 (9th Cir.BAP 1986):

> To not follow these rather explicit rules would be to lead us back into the morass of attempting to judge the meaning and import of the conduct and conversations of the parties.

**2.** Brown does not dispute that post-petition rent payments have continued to be remitted but states that such payments have not been made in a timely manner.

*Id.* at 879, 14 BCD at 633. That is precisely the type of situation this court is presently faced with as to what was said and meant by the debtor at the first meeting of creditors. Assumption by implication or action, rather than by filing a formal motion, "inevitably leads to the confusion and uncertainty exemplified by this case." *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441, 444 (Bankr.M.D.Tenn.1983).

▉ With respect to the lessor's acceptance of rent payments, such actions cannot constitute a waiver of the lessor's rights under section 365(d)(4) and section 365(d)(3) expressly so provides.[3] *See In re Las Margaritas, Inc.*, 54 B.R. 98, 100 (Bankr.D.Nev.1985); *In re Chandel Enterprises*, 64 B.R. 607, 15 BCD 147, 149 (Bankr.C.D.Cal.1986); *In re Re-Trac Corporation*, 59 B.R. 251, 255 (Bankr.D.Minn. 1986). Moreover, the lessor herein did nothing to cause the debtor to forego seeking court approval of its assumption through the filing of a motion to assume so as to be estopped from claiming the rejection and termination of the lease by operation of section 365(d)(4). *In re Las Margaritas, Inc., supra*, at 99–100.

▉ The court reiterates that, so long as a motion to assume is filed within 60 days, court approval can fall outside the 60–day period, particularly since formal ruling on the motion and entry of the court's order, as well as any scheduling of a hearing with respect to section 365(b)(1), is outside the debtor's control and therefore "should not operate to work a forfeiture of an otherwise assumable lease." *See Matter of Condominium Administrative Services, Inc., supra*, 55 B.R. at 798. However, since the debtor in this case failed to file such a motion within the requisite time period, the court concludes that the unexpired lease was not effectively assumed. Therefore, section 365(d)(4) mandates that the lease be deemed rejected and the debtor in possession immediately surrender possession thereof.

SO ORDERED.

---

**3.** Section 365(d)(3) provides in relevant part: The trustee shall timely perform all the obligations of the debtor ... arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.... Acceptance of any such performance does not constitute waiver or relinquishment of the lessor's rights under such lease or under this title.