**In re James E. TOMPKINS and Renee J. Tompkins, Debtor(s).**

**Joe and Anna CARRICO, Appellant(s),**

v.

**James E. TOMPKINS and Renee J. Tompkins, Appellee(s).**

**BAP No. WW 87–2020–AsMoR. Bankruptcy No. 86–33500.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 19, 1988.

Decided Jan. 9, 1989.

---

a lease-option agreement for residential property with Joe and Anna Carrico, the appellants. The lease-option agreement was not approved by the bankruptcy court. Subsequently, on June 26, 1987, the court entered an order converting the case to Chapter 7, at which time a Chapter 7 trustee was appointed.

The meeting of creditors was held on July 16, 1987. The trustee first learned of the lease-option agreement at this meeting. On August 31, 1987 the debtors filed a motion to extend time for the trustee to assume or reject the agreement. The court granted the debtors' motion to extend time to assume or reject the agreement to September 15, 1987. The Carricos' motion for reconsideration was denied, and they timely filed their notice of appeal.

## ISSUE

Whether, under 11 U.S.C. § 365(d)(1), the 60 day period starts at the time when a case is converted to a Chapter 7 proceeding from Chapter 11.

Whether a Chapter 7 debtor has standing to assume or reject a lease agreement.

## DISCUSSION

■ This panel is asked to interpret 11 U.S.C. § 365(d)(1) in determining when the 60 day period starts in an assumption of lease case. Interpretation of statute is reviewed de novo. *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir.1986).

The Bankruptcy Code § 365(d)(1) provides:

"In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60 days period, fixes, then such contract or lease is deemed rejected."

■ The unexpired lease must be assumed within 60 days of the order for relief. Under 11 U.S.C. § 348(a), when a

Michael D. Hitt, Gordon, Thomas, Honeywell, Malance, Peterson, Tacoma, Wash., for appellants.

Daniel W. Smith, Puyallup, Wash., for appellees.

Before ASHLAND, MOOREMAN and RUSSELL, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Lessor appeals from the bankruptcy court's order granting the debtors an extension of time to assume or reject a lease-option agreement on residential real property. We reverse.

## FACTS

James E. and Renee J. Tompkins filed a Chapter 11 petition on September 15, 1986. In February 1987 the debtors entered into

case under one chapter is converted to a case under another chapter, the conversion of the case constitutes an order for relief. *See* § 348(c); *In re Feyline Presents, Inc.,* 81 B.R. 623 (Bankr.D.Colo.1988); *In re Joyner,* 74 B.R. 618 (Bankr.M.D.Ga.1987); *In re Butcher Shop and Deli of Miami, Inc.,* 45 B.R. 239 (Bankr.S.D.Fla.1984). In this case, the order converting the Chapter 11 case into a Chapter 7 case was entered on June 26, 1987. Therefore, June 26th is the date from which the 60 day period starts under § 365(d)(1). Sixty days from June 26 is August 25.

The language of the Code is clear in requiring the trustee to assume or reject within the 60 day period. Unless the trustee assumes or rejects a lease within the 60 day period, the lease is deemed rejected. *See N.L.R.B. v. Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 79 L.Ed.2d 482 (1984); *Theatre Holding Corp. v. Mauro,* 681 F.2d 102 (2nd Cir.1982). The one exception to the 60 day limitation is that the court may grant an extension of time to assume or reject a lease for cause.

■ The motion for an extension of time, however, must be made within the 60 day period. *In re Southwest Aircraft Services, Inc.,* 831 F.2d 848 (9th Cir.1987); *see also In Bon Ton Restaurant and Pastry Shop, Inc.,* 52 B.R. 850 (Bankr.N.D.Ill. 1985). The trustee in this case did not assume or move to extend the time to assume the lease before August 25, 1987.

■ The debtors' contention that the trustee should be excused from the 60 day limitation since he did not know about the existence of the lease until July 16, 1987 is without merit. The Ninth Circuit has stated that the trustee has an affirmative duty to investigate for unscheduled executory contracts or unexpired leases. Furthermore, the statutory presumption of rejection of leases which are not assumed within 60 days is conclusive. *In re Lovitt,* 757 F.2d 1035 (9th Cir.1985); *see also In re Treat Fitness Center,* 60 B.R. 878 (9th Cir. BAP 1986); *In re Sonora Convalescent Hosp., Inc.,* 69 B.R. 134 (Bankr.E.D.Cal. 1986). Moreover, the trustee had sufficient time to assume or move for an extension of time once he became aware of the existence of the lease.

The trial court, by entertaining the motion to extend time which was filed on August 31 and granting the extension based on that motion, misapplied § 365(d)(1) of the Bankruptcy Code. Once the 60 day period expired without any action taken by the trustee, the lease was deemed rejected and the court had no authority to revive the lease.

■ Furthermore, the motion for an extension of time to assume or reject was brought by the debtors and not by the trustee. The debtor did not have standing to bring the motion. The decision to assume or reject a lease in a Chapter 7 setting is solely the trustee's for a sixty day period only. 11 U.S.C. § 365(d)(1); *see In re Price Chopper Supermarkets, Inc.,* 19 B.R. 462 (Bankr.S.D.Cal.1982); *In re Standard Furniture Co.,* 3 B.R. 527 (Bankr.S. D.Cal.1980).

WE REVERSE.