**In re Antonio DEL GROSSO, Debtor.**

**Bankruptcy No. 89 B 06606.**

United States Bankruptcy Court,
N.D. Illinois, E.D.

June 19, 1990.

Harry S. Miller, Chicago, Ill., Trustee.

Joseph J. Duffy, Eugene J. Geekie, Jr., Schiff Hardin & Waite, Chicago, Ill., for trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on a motion to alter an order entered on May 14, 1990 (the "May 14th Order") denying the Chapter 7 Trustee's motion to assume a certain executory contract. For the reasons set forth herein, the motion is denied.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain the motion pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

## II. FACTS AND BACKGROUND

Some of the relevant facts and background are contained in earlier Opinions of the Court. *See In re Del Grosso,* 111 B.R. 178 (Bankr.N.D.Ill.1990); *In re Del Grosso,* 106 B.R. 165 (Bankr.N.D.Ill.1989). The case was originally filed under Chapter 11 on April 19, 1989. Subsequently, on July 13, 1989, the case was converted to Chapter 7. Thereafter, Harry Miller was appointed Trustee. In October, 1988, the Debtor entered into a written contract to sell commercial real property commonly described as 1751 State Street, Chicago Heights, Illinois, (the "property") to Raymond Gilbert and John J. Vinciguerra (the "Buyers"). Performance under the contract was not complete by either the Debtor or the Buyers when the petition was filed. Thus, the contract was executory for purposes of 11 U.S.C. § 365. Although the Debtor scheduled the property as encumbered with several liens, the executory contract was not listed. The property was allegedly encumbered with liens aggregating less than $300,000.00. Moreover, the exact nature of the relationship among the Debtor and the Buyers was not timely disclosed to the Trustee and the other interested parties.

The Trustee's application for approval of the assumption of the contract was filed on March 15, 1990. Prior thereto, one of the banks holding a foreclosed mortgage on the property moved for and obtained an order modifying the automatic stay so as to complete the state court foreclosure proceedings. The Trustee's efforts to sell the estate's equity of redemption in the property have been unsuccessful. The Trustee's application to assume the contract sought to preserve a claim against the Buyers on behalf of the estate under the terms of the contract which was for a sale price of $540,000.00.

The Trustee asserts that the application to assume was timely made within sixty days after he learned of the true nature of the contractual relations among the Debtor

and the Buyers. After an evidentiary hearing on May 14, 1990, the Court denied the application as untimely under section 365(d)(1). The Court held that the executory contract had been rejected as a matter of law as a result of the Trustee's failure to assume within the time prescribed or move for an extension of the time.

The instant motion invokes Federal Rule of Civil Procedure 59 incorporated by reference in Federal Rule of Bankruptcy Procedure 9023. Although the motion cites Rule 59(a)(2), the substance of the relief sought is not a new trial. Rather, the Trustee seeks alteration of the May 14th Order, to allow him to assume the contract. Accordingly, the Court will proceed under the latter provision of Rule 59(e).

### III. APPLICABLE STANDARDS

### A. FEDERAL RULE OF CIVIL PROCEDURE 59

Motions made under Rule 59 serve to correct manifest errors of law or fact or to consider the import of newly discovered evidence. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557 (7th Cir.1985); *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984). The function of a motion made pursuant to Rule 59(e) is not to serve as a vehicle to relitigate old matters or present the case under a new theory. *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Evans, Inc. v. Tiffany & Co.*, 416 F.Supp. 224, 244 (N.D.Ill.1976).

### B. 11 U.S.C. § 365

A trustee may assume any executory contract of a debtor subject to the Court's approval and the exceptions provided under section 365. 11 U.S.C. § 365(a). In general, the standard to be applied for approval of the assumption is the business judgment standard, which requires a sufficient showing of (1) whether performance of the contract will be advantageous to the estate, and (2) whether the estate will be able to perform. If both questions are resolved in the affirmative, the trustee is normally allowed to assume, regardless of the opposition of the other party to the contract. *See, e.g., In re Lionel Corp.*, 29 B.R. 694 (Bankr.S.D.N.Y.1983).

In addition to the other requirements, a trustee has an affirmative duty to investigate for unscheduled executory contracts. *In re Lovitt*, 757 F.2d 1035, 1041–42 (9th Cir.1985); *In re Tompkins*, 95 B.R. 722, 724 (9th Cir. BAP 1989). Furthermore, the Bankruptcy Code requires a "prompt" cure of any defaults prior to assumption. *See e.g., In re Horn & Hardart Baking Co.*, 19 B.R. 597 (Bankr.E.D. Pa.1982). The burden of establishing all such requirements is on the trustee. In a converted case, the trustee has sixty days from the date of conversion to assume. 11 U.S.C. § 348(c). A Chapter 7 debtor does not have standing to assume or reject an executory contract or lease. *In re Tompkins*, 95 B.R. at 724. The decision to assume in a Chapter 7 setting is solely the trustee's. *See In re Price Chopper Supermarkets, Inc.*, 19 B.R. 462 (Bankr.S.D.Cal. 1982); *In re Standard Furniture Co.*, 3 B.R. 527 (Bankr.S.D.Cal.1980).

The Bankruptcy Code sets forth a sixty day deadline by which the trustee must assume or reject an executory contract. 11 U.S.C. § 365(d)(1). If the trustee fails to express his intent to assume the executory contract by an "unequivocal act", then the unexpired lease is deemed automatically rejected. The only "unequivocal act" which adequately expresses a trustee's intent to assume under section 365 is the filing of a motion within the sixty day period. *See generally, In re BDM Corp.*, 71 B.R. 142, 144 (Bankr.N.D.Ill. 1987). In contrast to the position of this Court, some courts have held it sufficient for a trustee to notify the non-debtor party of his intent to assume during the sixty day period, even if no court order is entered in that time. *In re Avery Arnold Constr., Inc.*, 11 B.R. 34 (Bankr.S.D.Fla.1981).

Other case law implies that a trustee can assume an executory contract by action rather than formal judicial procedure. *See, In re Hilligoss*, 69 B.R. 781 (Bankr.C.D.Ill. 1986), *aff'd*, 849 F.2d 280 (1988). This

Court, however, has required formal compliance with the requirements of section 365 as implemented by Bankruptcy Rules 6006 and 9014. *Accord BDM Corp.*, 71 B.R. at 144; *In re Buchert*, 69 B.R. 816, 821 (Bankr.N.D.Ill.1987) (contract rejected by operation of law under section 365(d)(1) for trustee's failure to timely assume or reject); *In re Treat Fitness Center, Inc.*, 60 B.R. 878 (9th Cir. BAP 1986); *In re Kelly Lyn Franchise Co.*, 26 B.R. 441, 444 (Bankr.M.D.Tenn.1983), *aff'd*, 33 B.R. 112 (M.D.Tenn.1983). (assumption by implication or action held insufficient under the statute and rules). This Court will follow Judge Eisen's logic in *BDM Corp.* Formal motions to assume made in a timely fashion are required to preclude the automatic rejection otherwise mandated as a matter of law by section 365(d)(1).

■ The Bankruptcy Appellate Panel for the Ninth Circuit has held that expiration of the sixty day period under section 365(d)(1) is conclusive. *In re Tompkins*, 95 B.R. at 724. The only exception to the sixty day limitation is that a court may grant an extension of time if a motion for an extension is made within the sixty day period. *In re Southwest Aircraft Services, Inc.*, 831 F.2d 848 (9th Cir.1987), *cert. denied*, 487 U.S. 1206, 108 S.Ct. 2848, 101 L.Ed.2d 885 (1988). Thus, as a result of the express language of the Bankruptcy Code, the Court has no jurisdiction to reinstate an executory contract automatically rejected under section 365(d)(1).

## IV. DISCUSSION

The motion asserts three grounds: (1) the sixty day limitations period prescribed by section 365(d)(1) should be equitably tolled by the allegedly fraudulent conduct of the Debtor, his former attorney, and the Buyers in concealing the existence of the contract; (2) the Buyers should be equitably estopped from receiving benefits resulting from the rejection of the contract; and (3) the Debtor should be held to have assumed the contract.

## A. THE EQUITABLE TOLLING DOCTRINE

■ The Trustee cites several opinions from the Seventh Circuit and the District Court for the Northern District of Illinois for the proposition that the equitable tolling doctrine should be applied under the facts of this case, thereby tolling the sixty day period provided under section 365(d)(1) until the Trustee's discovery of the existence of the contract. The Trustee argues that because the application to assume was filed within sixty days of the date the Trustee actually learned of the true facts, the automatic rejection under section 365(d)(1) did not occur.

The doctrine of equitable tolling has been applied in two types of fraudulent behavior. In the first, a statute may be tolled when the fraud goes undiscovered even though the defendant did nothing to conceal it and the plaintiff made diligent inquiry into the circumstances. *Suslick v. Rothschild Securities Corp.*, 741 F.2d 1000 (7th Cir.1984). In the second type of fraudulent behavior, the doctrine has been applied where the defendant took affirmative steps after committing the fraud to conceal it. *See Tomera v. Galt*, 511 F.2d 504 (7th Cir.1975); *United Nat. Records, Inc. v. MCA, Inc.*, 609 F.Supp. 33 (N.D.Ill.1984). The Trustee asserts that the doctrine applies to every federal statute of limitations and cites for that proposition *Sperry v. Barggren*, 523 F.2d 708 (7th Cir.1975).

None of the cases cited, however, directly hold that the doctrine applies to a trustee's attempted assumption of an executory contract under the Bankruptcy Code. Moreover, not one of the cases involved any bankruptcy matters. Therefore, those cases are not on point or binding on the Court concerning proper application of the express requirements of section 365(d)(1). Application of the doctrine was found appropriate in the cited securities fraud cases where there was no set limitations period under applicable federal law and reference to appropriate state limitations was required.

Even if the doctrine might be applicable, it is not certain that all its requirements

are present. Although the Debtor's initial non-disclosure of the contract and his prior testimony that the contract had been terminated, which was at variance with his later testimony, are strong indicia of fraud, absent additional evidence, the Court is not prepared to make a finding that such alleged fraud has been clearly and convincingly proven. The Debtor, his former attorney, and the Buyers were all subject to compelled testimony by way of enforceable subpoena. Nonetheless, they were not subpoenaed to testify concerning their versions of the alleged facts. The Debtor's current attorney appeared at the hearing without objecting to the application to assume. At all times, however, he has asserted that the Debtor denies and disputes any assertions of fraud made against him. As the Court has not had the benefit of observing the Debtor's demeanor or his testimony on direct or cross examination, no finding of fraud is appropriate at this point.

In addition, the Trustee's affidavit supporting the instant motion (Exhibit G) shows that he had direct contact with one of the Buyers by telephone within two weeks of his appointment in July, 1989. He was advised by that Buyer that the contract had been terminated because of lack of financing. Consequently, the Trustee was aware of the existence of the contract and could have easily filed a timely motion under section 365(d)(1) while he completed his investigation of the Debtor's financial affairs which are undisputedly complex and confusing. The Trustee's discovery of the true facts contemplates a prompter exercise of the due diligence required under the other prong of the doctrine of equitable tolling than that shown. The application to assume was not filed until March 15, 1990, almost eight months after he was advised of the "termination" of the contract, notwithstanding the non-disclosures and other acts and omissions of the Debtor. Under the cited authorities, the Debtor's rights under the executory contract were irrevocably terminated at the expiration of the sixty day period. If Congress had intended to provide for an equitable tolling of the sixty day require-ments of section 365(d)(1), it could have so legislated. Accordingly, the Court declines to apply the doctrine on the facts and evidence presented.

## B. EQUITABLE ESTOPPEL

The Trustee's second ground asserts that the Buyers should be equitably estopped from receiving the benefits from the rejection of the contract. It is not clear what benefits the Buyers actually received, as none were articulated in the motion. The Buyers apparently never had possession of the property. Either the Debtor or the Trustee was in actual possession during the relevant time periods. As a matter of law, rejection of the contract will not enable the Buyers to purchase the benefit for which they bargained, namely the ownership and possession of the property for the agreed consideration. There is no showing to date that they will recover anything from the estate by reason of the rejection. There is evidence that the Debtor, without Court approval, paid for insurance premiums on the property with the Buyers as named insured and obtained a current survey of the property. The policy period referenced in the insurance binder has expired and the Trustee and the estate creditors have the benefit of the current survey. Such benefits to the Buyers are indirect and minimal at best. No credible evidence was adduced to clearly and convincingly show that the Buyers committed any fraud or acted to conceal the contract with the Debtor. If the Buyers' conduct has given rise to any cause of action accruing to the estate for damages, the Trustee can file the appropriate adversary proceeding or file suit before some other forum of competent jurisdiction.

The Trustee argues that various cases decided under section 365(d)(4) should be considered by the Court in support of the Trustee's position concerning the equitable estoppel urged against the Buyers. In those cases, however, landlords were equitably estopped from rejection of leases with tenant debtors because they had retained and received rentals and other clear economic benefits paid directly to them.

To the contrary in the case at bar, the Debtor was the contract seller who was in possession of the property and in receipt of its rents, avails and proceeds, not the Buyers.

Section 365(d)(4) only applies in cases where the debtor or the trustee is the tenant under a lease of non-residential property and thus is not controlling here. Only section 365(d)(1) and the decisions interpreting that portion of the statute apply to the instant matter. As the court aptly noted in *In re Standard Furniture Co.*, 3 B.R. 527, 530 (Bankr.S.D.Cal.1980), "[t]hat Congress did not include a similar provision for use by Chapter 7 lessors indicates that the automatic rejection provision of Section 365(d)(1) was itself intended to resolve such uncertainty." (citations omitted). The Trustee cites a pre-Bankruptcy Code decision of the United States Supreme Court for the proposition that equitable principles govern the exercise of bankruptcy jurisdiction as an overriding consideration. This dictum is still appropriate. However, the Supreme Court in a more recent case has made it clear that the exercise of the bankruptcy courts' equitable powers is confined within the parameters of the Code itself. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 968–69, 99 L.Ed.2d 169 (1988).

Moreover, it is singularly inappropriate to apply the equitable estoppel doctrine when the record is insufficient to show that the Trustee met all requirements for assumption, notwithstanding the time bar of section 365(d)(1). Although the evidence supports a finding that the business judgement test favors assumption due to the high sale price under the contract, the evidence did not show that the Trustee was able to promptly cure the Debtor's defaults and otherwise fully and timely perform the seller's obligations, including delivery of clear title. It is undisputed that one of the liens encumbering the property had been foreclosed pre-petition and that the applicable statutory period of redemption had expired. Furthermore, the automatic stay against the property had been lifted for cause in favor of that foreclosing creditor. In addition, the evidence indicated numerous conditions precedent to funding the Buyers' loan commitment which required compliance in part by the seller of the property. No evidence was offered to show that the Trustee is in a position to meet and satisfy all such requirements imposed on the seller under the contract. Accordingly, the Trustee's second ground is unavailing and the evidence adduced does not give rise to application of the doctrine of equitable estoppel against the Buyers to preclude the automatic rejection of the contract under section 365(d)(1).

## C. ASSUMPTION BY THE DEBTOR

■ The Trustee's last ground raised is that the Debtor undertook actions to assume the contract within the applicable period and had previously acted, while the case was still in Chapter 11, which conferred benefits on the Buyers so that the Court can allow the untimely application to assume. The benefits actually conferred on the Buyers are somewhat questionable and in any event are negligible. Under earlier decisions of this Court, in particular, *In re BDM Corp.*, 71 B.R. 142 (Bankr.N.D.Ill.1987) and the cases cited therein, none of the actions of the Debtor post-petition in insuring the Buyers' interests in the property or obtaining a survey for them, constituted the requisite motion to assume required by the statute and the applicable rules. None of the cases cited by the Trustee involve application of section 365(d)(1). Many of those cases involve attempts to assume by Chapter 11 debtors-in-possession during ongoing reorganizations. Those time requirements significantly change for a Chapter 7 trustee to act in a converted case under section 365(d)(1). It is the clear requirements of that section which control under the facts of this matter.

At no time did the Debtor file a motion pre-conversion, nor did the Trustee timely file a motion post-conversion to assume the contract. It was rejected as a matter of law pursuant to section 365(d)(1). The instant motion filed under Rule 59 shows no error of fact or law committed by the Court in its order denying the application to as-

sume. The Trustee has not proffered any new evidence not previously available at the time of trial which mandates a different result.

## V. CONCLUSION

For the foregoing reasons, the Court hereby denies the Trustee's motion to alter the May 14th Order denying the application to assume the contract. This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.