**In re 1 POTATO 2, INC., Debtor.**

No. 4–85–2435.

United States Bankruptcy Court,
D. Minnesota.

March 11, 1986.

William I. Kampf, of Kampf, Orey, Landsman & Zerby, P.A., St. Paul, Minn., for debtor.

Christopher A. Elliott, of Fabyanske, Svoboda & Westra, St. Paul, Minn., for First Nat. Bank of St. Paul.

Kenneth F. Posner, of Miro, Miro & Weiner, P.C., Bloomfield Hills, Mich., for Fairlane Town Center.

MARGARET A. MAHONEY, Bankruptcy Judge.

The above entitled matter came on for hearing on the motion of Fairlane Town Center, lessor, to require payment of rent under 11 U.S.C. § 365(d)(3).

Based upon the arguments of counsel, memoranda and affidavits on file[1] I am

---

1. Pursuant to Local Rule 107(c) "a verified motion or answer is deemed an affidavit under Rule 9006(d) and the Court may hear and determine the motion without oral testimony, allow further affidavits to be filed, permit oral testimony or order an evidentiary hearing under Rule 9017 incorporating Rule 43(e) F.R.Civ.P." I am basing my ruling on the following motions, memorandums and affidavits on file in this case:

   a. January 3, 1986 Motion of Debtor to Reject Executory Lease and Supporting Memorandum.

   b. January 6, 1986 Objection of Fairlane Town Center to Motion to Reject Lease and Request for Order Requiring Payment of Administrative Rent.

   c. January 16, 1986 Order of Rejection.

   d. Verified Motion by Fairlane Town Center to Require Payment of Rent and Other Charges Accruing Between November 15, 1985 and January 14, 1986 and Notice of Hearing.

   e. Verified Response to Motion by Fairlane Town Center to Require Payment of Rent and

granting the lessor's motion to the extent that I am ordering that the debtor-lessee pay immediately the rent due under its lease with Fairlane Town Center for the period from November 15, 1985 through the date of receipt of debtor's letter of November 21, 1985.

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B).

## FACTS

The movant, Fairlane Town Center is the owner of a regional shopping center located in Dearborn, Michigan. The debtor, 1 Potato 2, Inc., is a franchisor of restaurants known as 1 Potato 2, one of which was located in the movant's shopping mall, pursuant to a lease entered into between the parties on or about November 26, 1983.

On November 15, 1985, the debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Shortly thereafter, on November 21, 1985, the debtor-lessee wrote to the lessor Town Center. Its letter informed the movant that it had filed bankruptcy, and contained the following statement:

> You may take this letter as formal notice that the Debtor intends to reject the lease it has entered into with you for the store space it has occupied at Fairlane and has vacated the premises.

On January 3, 1986, the debtor filed its motion to reject an unexpired lease, and on January 6, the lessor filed its objection to the debtor's motion and requested an order requiring payment of administrative rent. A hearing was held on the debtor's motion on January 9, 1986, and this Court entered its order approving the rejection of the Fairlane lease on January 15, 1986.

Fairlane has not received any payment of rent or other charges due under the lease since the filing of debtor's petition. In its motion filed February 6, 1986, Fairlane asserts that the amount due and owing under the lease from the date of the filing of the petition through the entry of the Court's order of rejection is $10,170.89 plus additional undetermined charges for electricity used after December 27, 1986.

The affidavit of Mr. Thomas Russom, the lease administrator for the managing agent of the owner, Fairlane, states that "as of February 14, 1986, 1 Potato 2, Inc., was still in possession of its leased premises at Fairlane Town Center because it had failed to remove trade fixtures located at the leased premises." The affidavit is supported by an attached exhibit A, a letter from the debtor's Vice President of Finance, dated January 22, 1986, to the lessor of certain trade fixtures and restaurant equipment authorizing the lessor "to remove all equipment located in the closed 1 Potato 2 or Pomme de Terre restaurant in the Fairlane Mall...." *See* Exhibit A.

## DISCUSSION

Section 365(a) of the Code provides that "... the trustee, subject to Court's approval may assume or reject any executory contract or unexpired lease of the debtor". 11 U.S.C. § 365(a) (1982).

Recent amendments to 11 U.S.C. § 365 effective for all cases filed after October 7, 1984, require a trustee or debtor-in-possession that is a lessee of commercial or nonresidential real property to do two things:

1. "... assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60 day period, fixes ...". 11 U.S.C. § 365(d)(4) (1982) *as amended by* Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984), and

2. "... timely perform all the obligations of the debtor, arising from and after the order for relief under any expired lease of nonresidential real property until such lease is assumed or rejected, not withstanding section 503(b)(1) of this title." 11

Other Charges Accruing Between November 15, 1985 and January 14, 1986.

f. Fairlane Town Center's Reply Brief.
g. Affidavit of Thomas Russom.

U.S.C. § 365(d)(3) (1982) *as amended by* Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984). *In re T.F.P. Resources, Inc.*, 56 B.R. 112, 1986 Bankruptcy L.Rep. (CCH) ¶ 70.946 (S.D.N.Y.1985).

The lessor's motion in this case presents the issue of when a rejection is effective for purposes of § 365(d)(3) and (4). It is the movants position that § 365(d)(3) and (4) start a clock running against a tenant-debtor upon the filing of a petition, and that since a lease cannot be rejected without court approval, as indicated in § 365(a), a debtor may stop the clock from running only by obtaining an order approving the rejection of the lease within 60 days or waiting until the lease is deemed rejected by operation of law at the end of the 60 day period established in § 365(d)(4). The lessor, Fairlane, thus requests payment for rent and other charges from the date of the order of relief through January 15, 1986, the date the order approving the rejection was filed. This result they urge is in accordance with the purpose of the so called "Shopping Center Amendments" referred to above; namely, to alleviate the uncertainty of shopping center landlords arising from "long-term vacancy or partial operation of space by a bankrupt tenant." *See* 130 Cong.Rec.S. 8894–95 (daily ed. June 29, 1984) (remarks of Senator Hatch), *reprinted in* U.S.Code Cong. & Ad.News 590, 598–99.

The debtor, on the other hand, argues that by its letter of November 21, 1985, it formally informed the lessor of its intention to reject the lease. This unilateral action, it claims rejected the unexpired lease "prior to court approval and recognition of its sound business judgment." Verified Memorandum of 1 Potato 2, Inc., February 20, 1986.

It is evident from the memoranda of counsel and affidavits that the parties agree that the debtor ceased operations at the Fairlane location prior to or shortly after the filing of the petition but dispute whether the premises were in fact vacated by the debtor. The debtor claims that, by its letter to the lessor coupled with its alleged vacation of the premises it made no secret of its intentions and thereby alleviated any uncertainty the lessor may have had. It further asserts that its actions are in accordance with the legislative intent and history which focused on the decision of the trustee or debtor to assume or reject the lease. The debtor claims that the intended result of the amendments was to convey to the debtor in bankruptcy that it may not use the leased without paying for them as called for in the lease. If, however, the debtor gives timely notice to the lessor of its intention to reject, the lessor would be "getting something for nothing" by receiving rent.

The United States District Court for the District of Utah recently reversed a decision of the bankruptcy court and held in a case presenting similar questions but regarding the trustee's assumption of a lease, that *court approval* of a debtor's motion to assume an unexpired lease of non-residential property was not required within 60 days of the filing of the petition. *By-Rite Distrib., Inc. v. Brierly (In re By-Rite Distrib., Inc.)*, 55 B.R. 740 (D.Utah 1985). *See also In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850 (Bktcy.N.D.Ill.1985). After a thorough consideration of the relevant statutory language, legislative history and prior case law, the court concluded that "... the trustee assumes or rejects the lease within the meaning of Section 365(d)(4) when he makes up his mind to do so and communicates his decision in an appropriate manner, such as filing a motion to assume." *In re By-Rite, supra* at 742. In a footnote to its conclusion the court expressly reserved ruling on "what actions short of filing a motion to assume, if any, constituted an assumption of the lease, since By-Rite *unequivocally expressed* its decision to assume by filing a motion to assume." *In re By-Rite, supra* at 742–43 fn. 5. (emphasis added). *Cf. In re Condominium-Administrative Services, Inc.*, 55 B.R. 792 (Bktcy. M.D.Fla.1985) (the *only* method of declaring an intention to assume an unexpired lease is by timely filing a proper motion).

■ I agree with this conclusion. I believe the trustee or debtor in possession may assume or reject an executory con-

tract or unexpired lease by clearly communicating in an unequivocal manner its intentions to either assume or reject to the lessor. The trustee or debtor-in-possession must manifest an unconditional and unambiguous decision. *In re Bon Ton Restaurant, supra* at 854. Section 365(d)(4) provides that the trustee or debtor must so communicate its intentions within 60 days, or within such additional time as the court, for cause, may order following notice and hearing on the trustee's or debtor's motion for extension of time to assume or reject held within 60 days of the filing of the petition.

As the *By-Rite* court stated:

Section 365 contemplates two distinct actions, one by the trustee (or debtor in possession) and one by the court. The trustee assumes or rejects, and the court approves. The Code does not specify how the trustee is to assume or reject a lease, but the trustee's action is different from the court's. Such is the import of section 365(a), which says that "the trustee, subject to the court's approval, may assume or reject any ... unexpired lease of the debtor."

*In re By-Rite Distrib. Inc., supra* at 742. Without stating precisely when an assumption becomes effective, the *By-Rite* court held that the trustee's action of assuming the lease is complete for purposes of section 365(d)(4) before the trustee ever obtains court approval. Court approval, therefore, in effect is not a condition precedent to an effective assumption or rejection but rather, the statutory language in section 365(a) serves to indicate that the decision of the trustee or debtor-in-possession, and its business judgment, is subject to review and possible reversal by the court. Accordingly, it is only the trustee's action that must occur within 60 days. *In re By-Rite Distrib., Inc., supra* at 742. "No time constraints exist under section 365(d)(4) or section 365(a) for the entry of Court approval sanctioning a trustee's decision to assume or reject an unexpired lease." *In re Bon Ton Restaurant, supra* at 853.

The dispute between the parties concerning when and if the debtor vacated the premises does not make the debtor-in-possession's intentions equivocal. This court will not require that a trustee or debtor vacate the premises if it has clearly conveyed its intentions to reject the unexpired lease in another unequivocal manner such as by letter or a motion to reject. Because of the numerous other important tasks a trustee or debtor-in-possession must complete prior to filing the petition and soon thereafter, I feel it would be onerous to place upon the debtor the additional burden of immediately vacating the premises. Such a task would have been particularly difficult to accomplish under the circumstances of this case where a debtor had operations it chose to close down in numerous locations throughout the country.

Section 365(d)(3) only requires that the trustee or debtor-in-possession timely perform all the obligations under the unexpired lease *until* the lease is rejected. 11 U.S.C. § 365(d)(3). Accordingly, it appears from the record and I find that the debtor has failed to timely perform its obligations under the Fairlane lease for the period from the date of the order of relief through the date of the communication of its rejection.

Once a lease is rejected, however, if the trustee or debtor remains in possession by failing to vacate the premises the estate runs the risk of being liable to the lessor for an administrative expense claim arising from the benefit accruing to the estate for the continued use of the property. This result is supported by the language of § 365(d)(3) in that acceptance of the performance as called for in the lease by the lessor "does not constitute waiver or relinquishment of lessor's rights ... under this title". 11 U.S.C. § 365(d)(3).[2] Also, under § 365(g) a trustee or debtor-in-possession's rejection of an unexpired lease is deemed to constitute a breach occurring immediately before the date of the filing of the petition. *See* 11 U.S.C. § 365(g) (1982). The effect of the breach is to permit the lessor to seek

**2.** I am not ruling on what, if any, administrative

claim for the period after November 21, 1985,

allowance of its claim under § 502(g). *See* 11 U.S.C. § 365(g) (1982).

Therefore, based on the files, verified motions and affidavits,

IT IS ORDERED that:

1. The debtor immediately pay to the movant the amount overdue and owing under the obligations of the lease between the parties for the period commencing November 15, 1986 and ending as of the receipt of debtor's letter dated November 21, 1986.

2. If the parties are unable to reach agreement as to the amount ordered to be paid or the date of receipt of debtor's November 21, 1986 letter this matter will be set on for further evidentiary hearing limited to those issues. It is the responsibility of counsel for Fairlane Town Center to obtain a hearing date and give proper notice to creditors if a further hearing is necessary.

Fairlane Town Center may have in this case

because that matter is not presently before me.