**In re WORTHS STORES CORP. d/b/a N.E.T. Works, N.E.T. Works II, Network and Worths, Debtor.**

**Bankruptcy No. 91–42276–BKC–399.**

United States Bankruptcy Court, E.D. Missouri, E.D.

Aug. 8, 1991.

Lloyd A. Palans, Carl J. Spector, Karen W. Fries, St. Louis, Mo.

John Collen, Sonnenschein, Nath & Rosenthal, Chicago, Ill.

David L. Pollack, Jeffrey Meyers, Rosenwald and Pollack, Philadelphia, Pa.

Thomas E. Osterholt, Francis E. Pennington, Cynthia A. Deiters, Green, Hoffman & Dankenbring, Clayton, Mo.

William S. Glazer, Worths Stores Corp., New York City.

Neil Weintraub, Office of the U.S. Trustee, St. Louis, Mo.

Lawrence Gottlieb, Siegel, Sommers & Schwartz, New York City.

Joel A. Kunin, Steven M. Wallace, Carr, Korein, Tellery, Kunin, Montroy, Glass & Bogard, St. Louis, Mo.

## MEMORANDUM OPINION AND ORDER

BARRY S. SCHERMER, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, 1334 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. The parties have stipulated that this is a "core proceeding" which the Court may hear and enter appropriate judgments pursuant to 28 U.S.C. § 157(b)(2)(M).

### FACTS

This matter comes before the Court on the Motion to Reject Unexpired Nonresidential Real Property Leases (the "Motion") filed by Worths Stores Corporation (the "Debtor"). On April 8, 1991, the Debtor vacated several stores which it leased from Homart Development Co., Inc. ("Homart"), JMB Institutional Realty Corp. and JMB Property Management, Inc. ("JMB"), and The Equitable Life Assurance Society of the United States ("Equitable") (collectively the "Lessors"), returning to each lessor the keys to the respective premises and notifying the lessor that it had ceased doing business at that store.[1] The following day the Debtor filed its voluntary Chapter 11 petition and the Motion. On May 24, 1991, this Court entered its Order Approving Rejection of Certain Leases and Reserving Ruling on Effective Date of Rejection pending submission of briefs.

1. The Debtor has neither operated on nor reentered any of the premises since April 8, 1991.

■ The Notice of Hearing for the Motion, which was sent to each of the Lessors, stated that any creditor or party in interest who objected to the entry of an order granting the Motion had until May 17, 1991 to file its objection with the Court and to serve it upon counsel for the Debtor. Both Homart and Equitable filed their objections on May 17, 1991. JMB filed its objection on May 20, 1991—three days after the deadline. Pursuant to Bankruptcy Rule 9006(b)(1), the Court may allow JMB to file its objection where its "failure to act was the result of excusable neglect". The Court finds that JMB has failed to carry its burden in proving that its late-filed objection was the result of excusable neglect. Accordingly, the objection of JMB shall be denied as untimely filed.

In its Motion, the Debtor has requested that the Court enter an order approving the rejection of the respective leases and providing that each of the Leases be deemed rejected as of the date of the filing of the Motion. In support of its request, the Debtor contends that the relief it seeks is narrow and limited to the facts of this case. Specifically, the Debtor argues that the leases should be deemed rejected on the date the Motion was filed because it vacated the Lessors' premises one day prior to its Chapter 11 filing, has not reentered the premises since that date, gave each Lessor notice of its decision to reject the leases, and clearly set forth in its Motion its request for such relief. Thus, the Debtor contends that it did everything it could to vacate the premises, relinquish possession to the Lessors, and effect an immediate rejection. The Debtor also argues that although no Lessor was barred from requesting the entry of an order prior to May 24, 1991 deeming its leases rejected, none of them made such a request. According to the Debtor, the Lessors chose to sit on their rights and wait for the May 24, 1991 hearing. Finally, the Debtor cites Section 365 of the Bankruptcy Code in support of its request for lease rejection on the date of its Motion, which states only that a

debtor's actions are subject to court approval. *See In re 1 Potato 2, Inc.*, 58 B.R. 752, 754–55 (Bankr.D.Minn.1986); *In re By–Rite Distributing, Inc.*, 55 B.R. 740, 742 (D.Utah 1985); *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 52 B.R. 850 (Bankr.N.D.Ill.1985); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535–36 (Bankr. D.N.J.1988); *In re Casual Male Corp.*, 120 B.R. 256, 260 (Bankr.D.Mass.1990).

In their objections, the remaining Lessors offered several reasons why this Court should reject the Debtor's position. First, they argue that the Debtor effectively seeks a *nunc pro tunc* order which would deprive them of the protections of Section 365(d)(3) and deny them of at least 45 days of rent which they would otherwise receive · as an administrative expense. Thus, the effective date of the rejection should be May 24, 1991, the date the Court actually entered an order approving the Motion. *See, e.g., In re Virginia Packaging Supply Co., Inc.*, 122 B.R. 491 (Bankr. E.D.Va.1990); *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr.D.C.1990); *In re Revco D.S. Inc.*, 109 B.R. 264 (Bankr.N.D.Ohio 1989). Second, the Lessors state that were the Debtor's rejection to take place on the date the Motion was filed, the statutory requirement of court approval would be rendered meaningless in that any subsequent court approval would not undo the previous rejection. Finally, they argue that the Debtor carries the burden to expedite whatever relief it seeks.[2]

### ISSUE

The issue before the Court is whether the effective date of rejection is the date the motion to reject leases was filed or the date on which the Court entered its order approving such motion.

### DISCUSSION

Sections 365(a) states:

Except as provided in section 765 and 766 of this title and in subsections (b), (c), (d) of this section, the trustee, subject to the

---

**2.** In addition, the Lessors contend that those cases cited by the Debtor are either distinguishable, in that they involve assumption of leases rather than rejection, or were unsoundly decided.

court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

From this language, two points of view have arisen as to whether court approval is needed in order to effect a rejection of a lease. The majority of courts appear to conclude that court approval is a prerequisite to lease rejection for a number of reasons. In *In re Revco D.S., Inc.*, 109 B.R. 264, 268–69 (Bankr.N.D.Ohio 1989), the court noted the existence of Bankruptcy Rules 6006(a) and 9014,[3] which evidence Congress' intent to amplify the role of the court in the assumption or rejection process. The court also noted that were no court approval required, the lessor is placed in a precarious financial position between the debtor's filing of the motion and the court's disposition of the motion. Finally, the court reasoned that were a lease untimely rejected prior to an offer to purchase the lease, the estate would suffer a loss as the debtor rejected the lease prior to the time the offer was made. 109 B.R. at 269. In *In re Garfinckels, Inc.*, 118 B.R. 154 (Bankr.D.C.1990), the court, relying on *In re National Oil Co.*, 80 B.R. 525 (Bankr.D.Colo.1987) and *Revco, supra*, concluded that court approval is a prerequisite to lease rejection because until that time the lessor could never be reasonably certain that it presented the court with an uncontested matter. In *National Oil, supra*, the court found that court approval was necessary because it was required under the plain language of Section 365(a) and Rules 6006 and 9014; it provided necessary certainty as to the actual date of rejection; and because it operated as a safeguard against unilateral decisions of the debtor which may prove harmful to the interests of creditors. 80 B.R. at 526.

A minority of courts have held that a debtor may reject a lease without prior court approval. Typical of this viewpoint is *In re 1 Potato 2, Inc.*, 58 B.R. 752, 754–55 (Bankr.D.Minn.1986), where the court, rely-

ing on *In re By–Rite Distrib., Inc.*, 55 B.R. 740 (D.Utah 1985) and *In re Bon Ton Restaurant and Pastry Shop, Inc.*, 52 B.R. 850 (Bankr.N.D.Ill.1985), held that a debtor may assume or reject an executory contract "by clearly communicating in an unequivocal manner its intention to either assume or reject to the lessor". Based on the language of Section 365(d)(4), the court reasoned that "court approval", within the meaning of Section 365(a), means merely that the debtor's decision to assume or reject the lease or executory contract may be subject to court review and possible reversal. 58 B.R. at 755. While some courts have followed *1 Potato 2, see, e.g., In re Carlisle Homes, Inc.*, 103 B.R. 524, 535–36 (Bankr.D.N.J.1988); *In re Re–Trac Corp.*, 59 B.R. 251, 255 (Bankr.D.Minn. 1986), several have criticized or rejected its holding. *See, e.g., In re Revco D.S., Inc.*, 109 B.R. 264, 270 (Bankr.N.D.Ohio 1989); *In re Swiss Hot Dog Co.*, 72 B.R. 569, 573 (D.Colo.1987). The Debtor also cited several other cases in support of its position. *See By–Rite Distributing, Bon Ton Restaurant, Carlisle Homes,* and *Casual Male, supra.* However, each of these cases is distinguishable in that they involved the debtor's assumption of contracts, which differs greatly from rejection in that it charges the debtor with certain duties and carries with it vastly different financial consequences for the lessor. This Court concludes that only *1 Potato 2* stands as appropriate authority in support of the Debtor's position.

This Court rejects the holding in *1 Potato 2* and holds that the effective date of a debtor's lease rejection is that on which the Court entered its order approving such rejection. There are a number of reasons supporting this result. First, in addition to the plain language of Section 365(a), which clearly requires a debtor to obtain prior court approval of its lease rejection, Bankruptcy Rules 6006(a) and 9014 afford such lessor both reasonable notice

---

**3.** Bankruptcy Rule 6006(a) provides:

A proceeding to assume, reject, or assign an executory contract, unexpired lease, or time share interest, other than as part of a plan, is governed by Rule 9014.

Bankruptcy 9014 provides, in pertinent part:

In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought.

and an opportunity to be heard prior to an adjudication of its rights under the lease. Certainly allowing rejection of the lease upon the filing of the Debtor's Motion would run contrary to each of these provisions. Second, allowing rejection at the time the Motion was filed effectively renders any subsequent Court order a meaningless formality. The necessary clarity and finality to which all parties are entitled are best embodied within an order from the Court. Finally, the Debtor argues that the Lessors failed to seek an earlier hearing but instead chose to sit on their rights pending the May 24, 1991 hearing. Each of the Lessors has suffered economic harm through the rejection of its lease. However, the Debtor would place the burden upon the already-aggrieved Lessor to further reduce its administrative claim by seeking expedited court approval of an order approving lease rejection. The Court finds no basis to require the Lessors to seek an expedited hearing and declines to add insult to the Lessors' injury. Accordingly, it is

ORDERED the objection of JMB is overruled and the effective date for rejection of its leases is April 9, 1991;

IT IS FURTHER ORDERED THAT the effective date of the Debtor's rejection with respect to Homart and Equitable is May 24, 1991.