In re FOUR STAR PIZZA, INC., Debtor.

Dr. Joseph MAROON, Movant,

v.

FOUR STAR PIZZA, INC., Respondent.

Bankruptcy No. 91–2076–BM.
Motion No. 91–8982M.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 24, 1992.

Stuart S. Mermelstein, Kirkpatrick & Lockhart, Pittsburgh, Pa., for movant.

Michael Kaminski, Sable, Makoroff, Sherman & Gusky, P.C., Pittsburgh, Pa., for debtor/respondent.

Robert S. Bernstein, Bernstein & Bernstein, P.C., Pittsburgh, Pa., for Committee of Unsecured Creditors.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is a *Motion To Compel Payment Of Administrative Rent* filed by Dr. Joseph Maroon ("movant").

Movant claims that Four Star Pizza, Inc. ("debtor") leased premises in Bridgeport, Ohio, from him for operation of a pizza parlor and that debtor has failed to pay any post-petition rentals due under the lease. Movant further alleges that said payments qualify for administrative priority and that he is entitled, pursuant to 11 U.S.C. § 365(d)(3), to immediate payment of $7,833.32.

Debtor does not deny that it has failed to make post-petition rental payments as required under the lease and does not deny that said payments qualify as administrative expenses. However, debtor does deny that movant is entitled to immediate payment of the required rents and denies the lessor is entitled to an administrative claim from the date it vacated the property (August 15, 1991) through the date the Court Order authorized said rejection (September 13, 1991). To the contrary, debtor argues

that movant should be required to wait until distribution is made under a proposed plan of reorganization, which provides that all administrative claims will be paid in full on the effective date of the plan.

The motion will be granted. Debtor will be directed to make immediate payment to movant in the amount of $7,833.32, which covers the period beginning on the date on which the bankruptcy case was filed through the date the Court executed the Order authorizing rejection of the lease.

–I–

FACTS

On July 11, 1985, debtor leased premises located in Bridgeport, Ohio, from movant for operation of a pizza parlor. The expiration date of the lease was December 31, 2001. The rent was $2,800.00 per month for the building and $333.33 per month for use of a billboard on the premises.

Debtor filed a voluntary chapter 11 petition on June 18, 1991. Debtor filed a motion to reject the lease on July 31, 1991, and vacated the premises on August 15, 1991. An Order of Court approving rejection of the lease was issued on September 3, 1991.

Debtor occupied movant's premises but made no rental payments after it filed its voluntary petition. A total of $7,833.32 is due and owing under the lease for the period between June 18, 1991 and September 3, 1991.

On December 12, 1991, debtor filed its disclosure statement and a plan of reorganization. The plan provides for payment in full of all administrative claims as of the effective date of the plan. To date, the disclosure statement has not been approved and accordingly the plan has yet to be confirmed.

–II–

ANALYSIS

The motion to compel payment of post-petition rentals is based upon 11 U.S.C. § 365(d)(3), which provides in pertinent part as follows:

The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(d)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

A nonresidential lessor's administrative expense claim which arises under § 365(d)(3) shall be paid *immediately*, absent a showing of substantial doubt that there will be sufficient funds available to pay all administrative claimants in full. *See In re Granada, Inc.*, 88 B.R. 369, 372 (Bankr.D.Utah 1988); *In re Dieckhaus Stationers of King of Prussia, Inc.*, 73 B.R. 969, 973 (Bankr.E.D.Pa.1987).

No showing has been made of substantial doubt that there will be sufficient funds to pay all administrative expenses in full. To the contrary, the plan submitted by debtor proposes that all such claims be paid in full.

Such payments are not, however, entitled to superpriority status. *In re Granada, Inc.*, 88 B.R. at 372–73. Rather, they are entitled to payment on a *pro rata* basis with all other allowed chapter 11 administrative claims. The order directing immediate payment of movant's claim will be subject to debtor's right to seek recovery of all or part of the payment in the unlikely event that all other chapter 11 administrative claimants are not paid in full. *See In re Dieckhaus Stationers*, 73 B.R. at 973.

It remains to be determined when the effective date of rejection of the lease occurred.

Debtor argues that Court approval is not a condition precedent to effective rejection of the lease and insists that rejection occurred, for purposes of § 365(d)(3), when it vacated the premises on August 15, 1991. According to debtor, movant is not entitled to payment of administrative rents after August 15, 1991.

Movant argues that Court approval is a condition precedent to debtor's effective rejection of the lease and insists that rejec-

tion did not occur until September 3, 1991, when the Order approving rejection of the lease was issued by this Court. Movant claims that he is entitled to administrative rents even after debtor vacated the premises and until issuance of said Order.

The United States Court of Appeals for the Third Circuit has not decided this issue. Those courts that have done so have reached contrary results.

The majority of courts appear to hold that court approval is a condition precedent to effective rejection. *See,* for instance, *In re Revco, D.S., Inc.,* 109 B.R. 264, 268–69 (Bankr.N.D.Ohio 1989); *In re Garfinckels, Inc.,* 118 B.R. 154 (Bankr.D.C.1990); *In re Virginia Packaging Supply Co., Inc.,* 122 B.R. 491, 493 (Bankr.E.D.Va.1990); *In re Worths Stores Corp.,* 130 B.R. 531, 533 (Bankr.E.D.Mo.1991).

A minority of courts have held that court approval is not a condition precedent to an effective rejection and that rejection may occur prior to issuance of the order approving rejection. *See In re 1 Potato 2, Inc.,* 58 B.R. 752, 754–55 (Bankr.D.Minn.1986); *In re Carlisle Homes, Inc.,* 103 B.R. 524, 535–36 (Bankr.D.N.J.1988); *In re Re–Trac Corp.,* 59 B.R. 251, 255 (Bankr.D.Minn. 1986).

The majority view appears to be better reasoned. Issuance of an order by the court approving rejection of the lease is a condition precedent to effective rejection of the lease by the debtor. In addition to the plain language of § 365(a), which expressly requires a debtor to obtain prior court approval of a lease rejection, Bankruptcy Rules 6006(a) and 9014 mandate that a lessor be given reasonable notice and the opportunity to be heard prior to adjudication of its rights under the lease. *See In re Worths Stores,* 130 B.R. at 533–34. The minority view effectively would render any subsequent court order approving rejection a meaningless formality. *In re Worths Stores,* 130 B.R. at 534.

Even if the legal position taken by debtor were correct, movant would be entitled (under the circumstances presented in this case) to receive payment of administrative rents until issuance on September 3, 1991, of the order approving rejection of the lease. Assuming that debtor did effectively reject the lease on August 15, 1991, movant nonetheless would be entitled to payment of administrative rents if the debtor failed to completely vacate the premises and to some extent retained possession thereof. *See In re 1 Potato 2,* 58 B.R. at 755.

Although debtor vacated the premises on August 15, 1991, it effectively retained possession until September 3, 1991. Debtor ceased operating the pizza parlor and moved out on August 15, 1991. However, debtor did so without providing movant with keys to the premises. As a result, debtor effectively excluded all others, including movant, from gaining access to the premises. Movant, out of an abundance of caution, reasonably chose not to exercise force in gaining access thereto and risk possible sanctions by the court.

An appropriate Order shall be issued.