### In re THINKING MACHINES CORPORATION, Debtor.

**Bankruptcy No. 94–15405–WCH.**

United States Bankruptcy Court, D. Massachusetts.

Dec. 21, 1994.

Charles R. Dougherty, Hill & Barlow, Boston, MA, for Thinking Machines Corp.

Charles R. Bennett, Riemer & Braunstein, Boston, MA, for Mellon Financial Services Corp. # 1.

## DECISION ON MOTION FOR POSSESSION AND PAYMENT OF ADMINISTRATIVE RENT CLAIM

WILLIAM C. HILLMAN, Bankruptcy Judge.

This matter is before the Court on the motion of Mellon Financial Services Corporation # 1 ("Mellon") for an order seeking immediate possession of certain premises now or formerly leased and occupied by Thinking Machines Corporation ("Debtor"). Mellon also seeks payment of an administrative rent claim.

At the hearing it was agreed that the only issue remaining for my decision is a determination of the date on which the lease was rejected. The parties have agreed on the financial ramifications of that decision and will do the necessary arithmetic once the operative date is determined.

### Agreed Facts

Debtor filed its petition under Chapter 11 on August 17, 1994. At that time it was the tenant of Mellon at certain nonresidential real property located in Cambridge, Massachusetts.

On September 13, 1994, Debtor filed a motion to reject certain leases, including the Mellon lease. An order approving the rejection was entered on October 4, 1994.

### Issue Presented

Section 365(a) of the Bankruptcy Code provides that

> "[T]he trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor."

11 U.S.C. § 365(a).

Section 365(d)(3) requires a trustee, with certain exceptions not relevant here, to

> "timely perform all of the obligations of the debtor ... arising from and after the order for relief under any unexpired lease

of nonresidential real property, *until such lease is assumed or rejected....*"

11 U.S.C. § 365(d)(3) (emphasis added).

█ Thus, until a lease is rejected, the trustee is responsible for payment of rents at the rate set in the lease. Because of the great disparity between the lease rental and the current fair market rental values of the property involved here, the date of rejection is financially significant.

Mellon contends that rent under the lease is payable until the order authorizing rejection is entered. The Debtor argues that the date of the filing of the motion to reject should control.

## Discussion

There are literally hundreds of cases discussing what event constitutes assumption or rejection of an executory contract under § 365(d).

The words "assume" and "reject", in various forms, appear throughout § 365. I consider cases that determine the meaning of those words in any part of § 365(d) to be relevant to the present inquiry. *In re Casual Male Corp.*, 120 B.R. 256, 260 (Bankr. D.Mass.1990) (presumably the same meaning in subsections (a) and (d)(4)). I also regard the cases dealing with assumption to be useful in dealing with the issue of rejection. Unfortunately, the decisions are in disarray.

The cases addressing the issue of what constitutes assumption or rejection can be collected under three general classifications:

### 1. Timely and unequivocal statements to the lessor

Most of the cases arise in the context of assumption of leases, since certain executory

contracts are deemed rejected 60 days after the order for relief enters if not assumed during that time.[1]

In the only relevant decision in this district, Judge Queenan stated that

"we can be confident ... that court approval is not the equivalent of the debtor's action to 'assume'.... The words 'subject to' and 'approval' [in § 365(a)] connote action which precedes the court order; otherwise words of prior authorization would have been used. The divided case law ... is in agreement that the debtor's action to assume, and not the court order, need take place within the initial or extended period. The disharmony lies in what form of conduct qualifies as a debtor's action to assume within the initial period."

*Casual Male* at 259 (footnote omitted).

The *Casual Male* approach has also been stated as requiring "an express declaration of assumption or a specific, unequivocal action leading to no possible conclusion than that an assumption has taken place." *In re Hodgson*, 54 B.R. 688, 690 (Bankr.W.D.Wis.1985).[2]

These cases, for the most part, do *not* say that the unequivocal act is the assumption in and of itself. They stand for the proposition that taking the first step before the 60–day period expires is adequate to toll the running of that temporal limitation, and hence the second step—judicial approval—need not be taken within the same time.

### 2. Filing of a timely motion to assume or reject

Under this view, anything less than a motion timely filed is inadequate to constitute assumption or rejection.[3]

---

1. "Notwithstanding paragraphs (1) and (4) of this subsection, ... if the trustee does not assume or reject an unexpired lease of nonresidential real property under which the debtor is the lessee within 60 days after the date of the order for relief, or within such additional time as the court, for cause, within such 60–day period, fixes, then such lease is deemed rejected...." 11 U.S.C. § 365(d)(4).

2. *See, e.g., By–Rite Distributing, Inc. v. Brierley (In re By–Rite Distributing, Inc.)*, 55 B.R. 740 (D.Utah 1985); *In re Audra–John Corp.*, 140 B.R.

752 (Bankr.D.Minn.1992); *In re Deppe*, 110 B.R. 898 (Bankr.D.Minn.1990); *Carlisle Homes, Inc. v. Azzari (In re Carlisle Homes, Inc.)*, 103 B.R. 524 (Bankr.D.N.J.1988); *In re BDM Corp.*, 71 B.R. 142 (Bankr.E.D.Ill.1987); *Elliott v. Leounes (In re Brittingham)*, 39 B.R. 575 (Bankr.D.Del. 1984).

3. *See, e.g., In re Curry Printers, Inc.*, 135 B.R. 564 (Bankr.N.D.Ind.1991); *In re Del Grosso*, 115 B.R. 136 (Bankr.N.D.Ill.1990); *In re D'Lites of America, Inc.*, 86 B.R. 299 (Bankr.N.D.Ga.1988); *In re Diamond Head Emporium, Inc.*, 69 B.R.

Fortunately, it is not necessary for me to take a position as between these groupings. The parties have agreed that the earliest date of rejection was the date of the filing of the motion to reject.

### 3. Granting of a motion to assume or reject

In a third body of cases, courts have held that there is no assumption or rejection of the lease until an order approving the trustee's action has entered. The cases primarily deal with rejection of leases.[4]

### Analysis of the cases

Stating what he found to be the majority view, Judge Schermer held that "the effective date of a debtor's lease rejection is that on which the Court entered its order approving such rejection." *In re Worths Stores Corp.,* 130 B.R. 531, 533 (Bankr.E.D.Mo. 1991). In reaching this result he relied primarily on "the plain language of Section 365(a), which clearly requires a debtor to obtain prior court approval of its lease rejection."

On the other hand, Judge Katz read the same language and reached the opposite conclusion:

"The Court finds neither the plain language of or past practice under Section 365(d), nor the policy underlying payment of an administrative expense support a finding that rejection of an unexpired nonresidential lease should be the date the court approves the same.... The operative wording of Section 365 provides that provides that 'the trustee, subject to the court's approval, may assume or reject....' Notably, nowhere does the plain language ... expressly require prior court authorization to assume or reject an executory contract or unexpired lease...."

487 (Bankr.D.Haw.1987); *Corporate Property Investors v. Chandel Enterprises, Inc. (In re Chandel Enterprises, Inc.),* 64 B.R. 607 (Bankr.C.D.Cal. 1986).

4. *See, e.g., Paul Harris Stores, Inc. v. Mabel L. Salter Realty Trust (In re Paul Harris Stores, Inc.),* 148 B.R. 307 (S.D.Ind.1992); *Swiss Hot Dog Co. v. Vail Village Inn, Inc. (In re Swiss Hot Dog Co.),*

"Section 365 contemplates two distinct actions—one by the trustee and one by the court. The trustee assumes or rejects, and the court approves—nothing suggests the court authorizes. Although the [Bankruptcy] Code does not specify how the trustee is to assume or reject a lease, it certainly makes clear that the trustee's actions are different from and independent of the court's.... If the trustee ... takes affirmative acts to assume or reject a lease ... such action is subject to court review to assure any such assumption or rejection is in the best interest of the estate."

*In re Joseph C. Spiess Co.,* 145 B.R. 597, 600–01 (Bankr.N.D.Ill.1992) (footnote omitted).

I disagree with both of these opinions to the extent that I find neither view clearly expressed in the statute.

■ However, the better reasoned argument is represented by the majority view. It accepts that two acts are necessary, together constituting rejection, with the court order, the last to occur, controlling the effective date.

This is consistent with *Casual Male.* Judge Queenan held that assumption consists of two elements, the unequivocal act and approval. I hold that rejection consists of the same two elements. In the present case I need not determine whether something less than the filing of the motion to reject will suffice for the first element.

This conclusion is supported by the practical operation of the real estate market. If I were to hold that the lease had been rejected upon the filing of the motion, I would be depriving the lessor of the contractually agreed rent during a period when it is unable to relet the premises. Until the court approves the rejection, a possibility exists that approval might not be granted.

72 B.R. 569 (D.Colo.1987); *Montrose Centre v. Northeast Consumer Technology Stores, Inc.,* 148 B.R. 234 (Bankr.W.D.Pa.1992); *In re Child World, Inc.,* 147 B.R. 847 (Bankr.S.D.N.Y.1992); *WB Ltd. v. Tobago Bay Trading Co. (In re Tobago Bay Trading Co.),* 142 B.R. 528 (Bankr.N.D.Ga. 1991) and cases cited.

"Section 365 is designed in part to ensure greater factual certainty as to the date of rejection of a lease. The minority interpretation of § 365(a) discourages a lessor from reletting property vacated by a debtor until after the court has approved the debtor's rejection because the lessor might become obligated to rent the premises to two lessees if the debtor's motion is denied. This interpretation places the burden created by the debtor's indecision on the lessor and contravenes clear Congressional intent that the debtor timely perform all of its obligations under a lease until the lease is assumed or rejected."

*Tobago Bay Trading* at 532. *See also Paul Harris Stores* at 309.

### Conclusion

I hold that the effective date of the rejection of a lease is the date upon which the court enters an order approving the rejection.