**In re 1 POTATO 2, INC., Debtor.**

**Bankruptcy No. 4–95–1668.**

United States Bankruptcy Court, D. Minnesota.

May 31, 1995.

William I. Kampf, Elizabeth L. Zerby, Kampf & Associates, P.A., Minneapolis, MN, for debtor.

Paul B. Jones, Popham, Haik Law Firm, Minneapolis, MN, for Cadillac Fairview Shopping Center Properties (Delaware), Inc.

*MEMORANDUM ORDER SETTING EFFECTIVE DATE OF LEASE REJECTION*

NANCY C. DREHER, Bankruptcy Judge.

The above-entitled matter came on for hearing before the undersigned on the 24th day of May, 1995 on a motion by the debtor 1 Potato 2, Inc. ("Debtor") for an order approving the rejection of a lease with Cadillac Fairview Shopping Center Properties (Dela-

ware), Inc. ("Cadillac"). Appearances were as follows: William Kampf and Elizabeth Zerby for the Debtor; and Paul Jones for Cadillac.

## FACTS

Debtor is a lessee of property in the Dover Mall food court pursuant to a lease with Cadillac dated August 14, 1992. On March 27, 1995, Debtor filed a voluntary petition for relief under Chapter 11 of the Code. On that same date, Debtor sent written notice to Cadillac stating that it rejected the lease. The notice also indicated that the rejection was effective March 27, 1995, and that Debtor would seek court approval of the rejection as soon as possible. Debtor then vacated the premises.

On April 28, 1995, Debtor filed a motion seeking an order authorizing the rejection of the lease. Although Debtor did not specify the effective date of rejection in its moving papers, Debtor's proposed order indicated the lease was rejected as of March 27, 1995. While Cadillac does not object to the Debtor's right to reject the lease, it does object to the effective date of the rejection. According to Cadillac, the rejection can not be effective until the court approves the rejection.

## ISSUE

The sole issue is whether, under § 365(a), a lease is rejected only upon the court's approval of Debtor's decision to reject a lease, or whether the court's approval is simply a condition subsequent to rejection.

## DISCUSSION

Section 365(a) provides that "the trustee [or debtor-in-possession], subject to the court's approval, may assume or reject" any unexpired lease. 11 U.S.C. § 365(a). Courts disagree as to whether this subsection requires court approval for the rejection to be effective. The issue is important because, under § 365(d)(3), the lessor is entitled to an administrative priority claim for all obligations under the lease that accrue postpetition but prior to an effective rejection. *See* 11 U.S.C. § 365(d)(3).

The majority view is that the rejection of a lease is not effective until the rejection is approved by the court. *See In re Revco D.S., Inc.,* 109 B.R. 264, 267–68 (Bankr.N.D. Ohio 1989). *See also Paul Harris Stores, Inc. v. Mabel L. Salter Realty Trust (In re Paul Harris Stores, Inc.),* 148 B.R. 307 (S.D.Ind.1992); *In re Federated Dep't Stores, Inc.,* 131 B.R. 808 (S.D. Ohio 1991); *In re Thinking Machines Corp.,* 178 B.R. 31 (Bankr.D.Mass.1994); *Allegheny Center Assocs. v. Appliance Store, Inc. (In re Appliance Store, Inc.),* 148 B.R. 226 (Bankr. W.D.Pa.1992). The minority view, which has been adopted by judges in this district as well as in Debtor's prior bankruptcy, holds that approval of the court is only a condition subsequent to the rejection of the lease. "Section 365 contemplates two distinct actions—one by the trustee and one by the court. The trustee assumes or rejects, and the court approves—nothing suggests the court authorizes." *In re Joseph C. Spiess Co.,* 145 B.R. 597, 600 (Bankr.N.D.Ill.1992). *Accord Mid Region Petroleum, Inc.,* 111 B.R. 968 (Bankr.N.D.Okla.1990); *In re Carlisle Homes, Inc.,* 103 B.R. 524 (Bankr.D.N.J. 1988); *In re 1 Potato 2, Inc.,* 58 B.R. 752 (Bankr.D.Minn.1986); *In re Re–Trac Corp.,* 59 B.R. 251 (Bankr.D.Minn.1986).

The Eighth Circuit Court of Appeals has not addressed the issue. Indeed, no circuit court has provided guidance on the issue.

The starting point for resolving this issue is the language of the Code itself. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The plain meaning of the Code shall be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafter." *Id.* at 242, 109 S.Ct. at 1031 (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Courts on both sides of the debate insist that the language of § 365(a) is clear on its face. *Compare Joseph Spiess,* 145 B.R. at 600 ("nowhere does the plain language of Section 365(a) expressly require prior court authorization to assume or reject an executory contract or unexpired lease.") *with Revco,* 109

B.R. at 268 ("the unequivocal language of section 365(a)" establishes that the rejection is effective upon court approval). If the language of § 365(a) is so clear on its face, it is unlikely that there would be such disagreement as to what it says.

In 1978, Congress eliminated § 70(b) of the Bankruptcy Act, which set forth time limits for assuming or rejecting unexpired leases.[1] In its place, Congress enacted § 365(a), which allows the trustee to assume or reject a lease without time limits, subject only to court approval. New Bankruptcy Rule 6006(a) provides that a proceeding to assume or reject an unexpired lease is governed by Bankruptcy Rule 9014 which in turn states that such relief shall be requested by motion with reasonable notice and opportunity for hearing.

Because § 365(a) no longer fixed deadlines and did not obligate the debtor to make payments on the lease pending the debtor's decision to assume or reject, commercial lessors engaged in an extensive lobbying effort. The result was the "Shopping Center Amendments" of 1984, whereby Congress enacted § 365(d)(3) and (4) requiring the trustee to timely perform all obligations of the debtor until the assumption or rejection of a lease. *See* The Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353, 98 Stat. 333. Section 365(d)(3) states that the trustee must perform the obligations under a nonresidential real property lease "until such lease is assumed or rejected." Section 365(d)(4) provides that if the "trustee does not assume or reject an unexpired lease of nonresidential real property" within 60 days of the order for relief the lease is "deemed rejected." These amendments were decidedly anti-debtor and pro-commercial lessor. The legislative history makes clear that Congress intended to provide significant advantages to commercial lessors which were not enjoyed by other creditors because Congress viewed lessors as decidedly different from other unsecured creditors. *See* 130 Cong.Rec. 20084, 20088 (1984), *reprinted in* 1984 U.S.C.C.A.N. 590, 598–99 (statement of Senator Hatch).

I conclude that the majority view, exemplified by *Revco*, is the more correct one and that rejection of a lease is only effective upon court approval. This interpretation of § 365 is more consistent with the intention of Congress than the *Spiess* analysis.

Section 365 marked a significant change from pre-Code law, a change made, in part, to remedy the problem of informal rejection of leases by trustees by requiring court approval to effectuate rejection. Unfettered control by the trustee was replaced with court involvement in the decision-making process of rejection. The changes from old Bankruptcy Rule 607 to new Bankruptcy Rule 6006 underscored that change. Further, this interpretation of § 365(a) is supported by the legislative history of § 901(a), which explicitly states that the court must *authorize* the rejection of a lease.[2] Therefore, I adopt the majority rule that holds a rejection of a lease is not effective until a

---

1. Section 70(b) of the Bankruptcy Act of 1898 provided, in relevant part:

   The trustee shall assume or reject an executory contract, including an unexpired lease of the property, within sixty days after the adjudication or within thirty days after the qualification of a trustee, whichever is later, but the court may for cause shown extend or reduce the time.

   11 U.S.C. § 110(b) (1976) (repealed 1978). To implement section 70(b), Bankruptcy Rule 607 required court approval for the assumption of executory contracts but provided no guidance for rejection. The courts were split as to whether rejection required court approval. *Compare Bradshaw v. Loveless (In re American Nat'l Trust)*, 426 F.2d 1059, 1064 (7th Cir.1970) *with Vilas & Sommer, Inc. v. Mahony (In re Steelship Corp.)*, 576 F.2d 128, 132 (8th Cir.1978).

2. Section 901 sets forth the Code provisions that are applicable in Chapter 9 cases, including § 365. The legislative history to § 901 provides: "The applicability of section 365 incorporates the general power of a bankruptcy court to authorize the assumption or rejection of executory contracts or unexpired leases found in other chapters of this title." H.R.Rep. No. 595, 95th Cong., 2d Sess. 394–95 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6349–51. According to one commentator, the importance of this history has not been recognized by courts dealing with this issue. *See* Gregory G. Hesse, *A Return to Confusion and Uncertainty as to the Effective Date of Rejection of Commercial Leases in Bankruptcy: A Critical Analysis of Revco and Joseph C. Spiess Company*, 9 Bankr.Dev.J. 521 (1993).

court approves the rejection.[3]

## CONCLUSION

ACCORDINGLY, IT IS HEREBY OR-DERED THAT:

1. Cadillac's limited objection to the rejection of the lease is SUSTAINED; and

2. Debtor's rejection of the lease is approved, effective May 24, 1995, the date of the hearing on the debtor's motion at which I approved rejection.

---

**3.** Because I conclude that rejection is not effective until the date of this order, Cadillac may have an administrative expense claim against Debtor. Cadillac's counsel stated at the hearing that any issues surrounding the administrative expense claim will be addressed at a later date.