**In re TWIN CITIES STORES, INC., Twin Cities Avanti Stores, LLC, Debtors.**

**Nos. BKY 09–34468, BKY 09–34469.**

United States Bankruptcy Court, D. Minnesota.

Dec. 11, 2009.

Douglas W. Kassebaum, Kendall L. Bader, Fredrikson & Byron, P.A., Minneapolis, MN, for Debtor Twin Cities Stores, Inc.

Ralph Mitchell, Lapp Libra Thomson Stoebner & Pusch, Minneapolis, MN, for Debtor Twin Cities Avanti Stores, LLC.

Sarah J. Wencil, U.S. Trustee Office, Minneapolis, MN, for U.S. Trustee.

## ORDER APPROVING LEASE REJECTION

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter was heard October 26, 2009, on motion of Twin Cities Stores, Inc., for approval of its rejection of a non residential real estate lease with lessor William W. McDonald Revocable Trust. Brian S. McCool appeared on behalf of Twin Cities Stores and Ronald G. Marks appeared on behalf of the Trust. The Court, having reviewed briefs filed by the parties, considered arguments at the hearing, and being fully advised in the matter, now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

### I

Twin Cities Stores filed a petition under Chapter 11 on June 30, 2009. A month later, on July 30, Twin Cities Stores sent a letter to William W. McDonald Revocable Trust regarding nonresidential real estate that the debtor leased from the Trust stating that "the lease is rejected pursuant to 11 U.S.C. § 365, effective July 31, 2009." [1] On October 15, 2009, Twin Cities Stores filed its motion to reject the lease, in which the debtor sought an order approving the rejection as of July 31, 2009. The Trust responded to the motion, objecting to the effective date of rejection sought in the motion, claiming that the effective date should be the date of entry of an order approving the rejection. The Court agrees with the Trust and finds that the effective date of the rejection is the entry of this order approving.

### II

A trustee must assume an unexpired lease of nonresidential real estate no later than the earlier of 120 days after the order for relief or the date of the entry of an order confirming a plan, unless the period is extended.[2] Failure to assume or reject within the prescribed time results in the lease deemed rejected, and the trustee must immediately surrender that nonresidential real property to the lessor. *See* 11 U.S.C. § 365(d)(4)(A).

A declaration to assume or reject an unexpired lease of nonresidential real estate alone does not result in an effective assumption or rejection. The intended assumption or rejection must be approved by the bankruptcy court. *See* 11 U.S.C. § 365(a). Approval by the court is not a perfunctory or administrative act. A request for approval is by motion and notice of hearing pursuant to Fed. R. Bankr. Proc. 9014, which governs contested proceedings. Any interested party in the estate can object to an intended assumption or rejection, and the test in approving a proposed assumption or rejection is the "business judgment test," focused on benefit to the estate and its various interests. *See In re Audra–John Corp.*, 140 B.R. 752, 755, 756 (Bankr.D.Minn.1992).

A proposed assumption or rejection does not become effective unless and until it is approved. *See In Re 1 Potato 2, Inc.*, 182 B.R. 540 (Bankr.D.Minn.1995).[3] Parties to

---

**1.** The letter was actually sent by Twin Cities Avanti Stores, LLC, but the Trust understood that the notice pertained to specific property leased by Twin Cities Stores at 12530 Ulysses Avenue NW, Blaine, Minnesota.

**2.** An extension of the time was granted in this case to January 26, 2010, under 11 U.S.C. § 365(d)(4)(B)(i).

**3.** See, however, *In re Audra–John Corp.*, 140 B.R. 752 (Bankr.D.Minn.1992); *In re Re–Trac Corp.*, 59 B.R. 251 (Bankr.D.Minn.1986); and, *In Re 1 Potato 2, Inc.*, 58 B.R. 752 (Bankr.D.Minn.1986) holding that assumption or rejection becomes effective as of the declaration. This Court declines to follow those cases and agrees with Judge Dreher in *In Re*

the lease are not entitled to treat the lease as either assumed or rejected, unless deemed rejected, until all interested parties have had the opportunity to object and an order approving has been entered. *See In re Revco D.S., Inc.,* 109 B.R. 264, 267–68 (Bankr.N.D.Ohio 1989).

## III

Accordingly, IT IS HEREBY ORDERED:

The rejection of the lease by the debtor between Twin Cities Stores, Inc., and William W. McDonald Revocable Trust of nonresidential real estate located at 12530 Ulysses Avenue NW, Blaine, Minnesota, is approved, effective upon the entry of this order.